1   DIANE L. WEBB, SBN 197851
    MORGAN, LEWIS & BOCKIUS LLP
2   One Market, Spear Street Tower
    San Francisco, CA 94105-1126
3   Tel: 415.442.1000
    Fax: 415.442.1001
4   e-mail: dwebb@morganlewis.com

5   Attorneys for Defendant THE PRUDENTIAL
    INSURANCE COMPANY OF AMERICA

6

7

8                   UNITED STATES DISTRICT COURT

9           IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  GLORIA J. SAUNDERS,                    Case No.

12              Plaintiff,                 **NOTICE OF REMOVAL OF ACTION TO**
                                           **THE U.S. DISTRICT COURT IN AND FOR**
13        v.                               **THE NORTHERN DISTRICT OF**
                                           **CALIFORNIA (28 U.S.C. §§ 1332, 1441(b)**
14  THE PRUDENTIAL INSURANCE               **and 1446) (DIVERSITY) AND**
    COMPANY OF AMERICA, a New Jersey       **CERTIFICATION OF INTERESTED**
15  Corporation, and, DOES 1 through 10,   **ENTITIES OR PERSONS AND**
    inclusive,                             **DISCLOSURE STATEMENT BY**
16                                         **DEFENDANT THE PRUDENTIAL**
                Defendants.                **INSURANCE COMPANY OF AMERICA**
17                                         **(L.R. 3-16; F.R.C.P. 7.1)**

18

19  **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

20        **PLEASE TAKE NOTICE** that defendant The Prudential Insurance Company of

21  America,("Prudential"), by and through its counsel of record, submits this Notice of Removal of

22  Action ("Notice") and, pursuant to 28 U.S.C. §§ 1332, 1441(b) and 1446, hereby removes to this

23  Court the state action described below:

24  **I.    BACKGROUND**

25        1.    On or about March 17, 2008, plaintiff Gloria J. Saunders ("Plaintiff") commenced

26  an action against Prudential in the Superior Court of the State of California in and for the County

27  of Humboldt titled *Gloria J. Saunders v. The Prudential Insurance Company of America; and,*

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

1-SF/7695906.2                              - 1 -
1-SF/7699229.1
NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF
CALIFORNIA (28 U.S.C. §§ 1332, 1441(B) AND 1446) (DIVERSITY) ) AND CERTIFICATE, ET AL.

1    *Does 1-10, inclusive*, Case Number DR 08 0244 ("Complaint"). The Complaint contains claims

2    for: (1) Breach of the Duty of Good Faith and Fair Dealing (bad faith); and (2) Breach of

3    Contract. A true and correct copy of the Summons and Complaint are attached hereto as <u>Exhibit</u>

4    <u>A</u>.

5            2.      Prudential was served with a copy of the Complaint and Summons on April 4,

6    2008. Prudential has not yet filed an answer or other responsive pleading to the Complaint.

7            3.      This Notice is filed within thirty (30) days from Prudential's receipt of the

8    Complaint and therefore is timely under 28 U.S.C. § 1446(b).

9    **II.    JURISDICTION**

10           4.      This action is a civil action over which this Court has original jurisdiction under 28

11   U.S.C. § 1332 and is one that may be removed to this Court by Prudential pursuant to the

12   provisions of 28 U.S.C. § 1441(b), in that it is a civil action between citizens of different states and

13   in which, as discussed below, the matter in controversy exceeds the sum of $75,000.00, exclusive

14   of interest and costs.

15   **III.   REMOVAL ALLEGATIONS**

16           5.      As outlined above, the Complaint contains two claims: breach of contract and

17   tortious breach of contract (bad faith). Plaintiff alleges that she was unfairly denied coverage

18   under a Prudential long- term disability policy, and she seeks, among other things, general and

19   punitive damages. *See* <u>Exhibit A</u> (Complaint 20:27- 21:18).

20           6.      Pursuant to *Albino v. Standard Ins. Co.*, 349 F. Supp. 2d 1334 (S.D. Cal. 2004), a

21   plaintiff asserting a tortious breach of contract claim, here, namely, Plaintiff's breach of the

22   covenant of good faith and fair dealing claim, if successful, may be entitled to accelerate and

23   recover future policy payments; this potential for future policy payments satisfies this Court's

24   $75,000 jurisdictional amount-in-controversy requirement.[1] *See id.*

25   _____

26   [1] Prudential, however, does not acknowledge or agree that Plaintiff is entitled to recover past or
     future disability Policy payments, but sets forth the law and calculates the potential-future-

27   payment amount to demonstrate that diversity jurisdiction exists as of the date that the Complaint
     was filed and as of the date of this Notice.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    In her Complaint, Plaintiff alleges that she was less than 61 years old when she claimed

2    entitlement to receive monthly payments under group long-term disability policy 40839 issued to

3    St. Joseph Health System (the "Policy") and alleges she is entitled to receive payments under the

4    Policy. *See* Exhibit A (Complaint 1:21-24 and Attachment at 2).

5    Plaintiff, however, does not clearly allege the amount in controversy in her Complaint.

6    The Policy payments Plaintiff alleges were due at the time of the Complaint are considered a

7    claim for direct damages. *See Albino*, 349 F. Supp. 2d at 1340. Because Plaintiff's claim for

8    "future policy benefits could be awarded as compensatory damages under her claim for tortious

9    breach of the covenant of good faith and fair dealing[]" (*see id.* (citing *Pistorius v. Prudential Ins.*

10    *Co. of Am.*, 123 Cal. App. 3d 541(1981)), the potential "future policy benefits" can be the basis to

11    satisfy the jurisdictional amount in controversy. *See Albino*, 349 F. Supp. at 1340 (citing *McCaa*

12    *v. Mass. Mut. Life Ins. Co.*, 330 F. Supp. 2d 1143, 1149 (D. Nev. 2004)). Defendant calculates

13    the amount in controversy relating to Plaintiff's claim for past due long term disability ("LTD")

14    payments of $14,230.00 and potential LTD payments under the Plan for the period March 18,

15    2008 to December 29, 2012 of $88,774.00 for a total of $103,004.00. Prudential's calculations

16    are based on Plaintiff claiming: (1) monthly long-term disability payment for the period

17    December 7, 2006 through July 31, 2007, which is, after off-sets allowed pursuant to the Policy,

18    the net amount of $323.47 per month; and (2) a net LTD monthly payment for the period August

19    1, 2007 through December 29, 2012 (the date on which LTD payments would terminate if she is

20    disabled pursuant to the terms of the Policy), of approximately $1,545.69 per month.[2]

21    Thus, this Court's jurisdictional amount in controversy requirement is satisfied.

22    7.    Prudential is informed and believes that at the time the Complaint was filed

23    Plaintiff was, and still is, a resident and a citizen of the State of California. *See* Exhibit A

24

---

25    [2] Prudential does not admit, acknowledge or agree that Plaintiff is entitled to recover any such
past or future Policy payments in the amounts set forth above, or any amount for that matter, but
26    presents these calculations to demonstrate the amount in controversy based on Plaintiff's
27    Complaint.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

28

NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF
CALIFORNIA (28 U.S.C. §§ 1332, 1441(B) AND 1446) (DIVERSITY) AND CERTIFICATE, ET AL.

1 | (Complaint 2:17-18).

2 |       8.    At the time that the Complaint was filed Prudential was, and still is, a New Jersey

3 | corporation, which has its principal place of business in the State of New Jersey. Accordingly,

4 | pursuant to 28 U.S.C. § 1332(c)(1), Prudential is a citizen of the State of New Jersey. *See id.*

5 | (Complaint 2:19-23).

6 |       9.    All pleadings, process, and orders served upon Prudential in the state court action

7 | are attached to this Notice of Removal as required by 28 U.S.C. §1446(a) as <u>Exhibit A</u> (the

8 | Complaint and all other papers served on Prudential thus far).

9 |      10.    Plaintiff has been or will be served with a true and correct copy of this Notice of

10 | Removal of Action, and Prudential will promptly file a true and correct copy of this Notice of

11 | Removal with the clerk of the state court in which this action is pending, as required by 28 U.S.C.

12 | § 1446(d).

13 |      11.    A completed Federal Civil Cover Sheet accompanies this Notice of Removal.

14 | **IV.    VENUE**

15 |      12.    Venue is proper in this district pursuant to 28 U.S.C. § 1441(a) because this

16 | District embraces the place in which the removed state action is/has been pending.

17 |      WHEREFORE, pursuant to these statutes and in accordance with the procedures set forth

18 | in 28 U.S.C. § 1446, Prudential prays that the above-captioned action in Superior Court of the

19 | State of California in and for the County of Humboldt be removed therefrom to this Court.

20 | **<u>DISCLOSURE STATEMENT</u>**

21 |      The Prudential Insurance Company of America, a New Jersey corporation, is a subsidiary

22 | of Prudential Holdings, LLC, a New Jersey Limited Liability Company, which owns 100 percent

23 | of the stock of The Prudential Insurance Company of America. Prudential Holdings, LLC is a

24 | subsidiary of Prudential Financial, Inc., which owns 100 percent of Prudential Holdings, LLC.

25 | Prudential Financial, Inc. is a publicly-held New Jersey corporation traded on the New York

26 | Stock Exchange under the symbol "PRU" and no parent corporation or any publicly-held

27 | corporation owns ten percent or more of its stock.

28 |

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -

1

## CERTIFICATION OF INTERESTED PERSONS AND ENTITIES

2        Pursuant to Civil L.R. 3-16, the undersigned certifies that as of this date, other than the

3   named parties, the only interest to disclose is that of Prudential.

4

5   Dated: May 2, 2008                           MORGAN, LEWIS & BOCKIUS LLP

6

7                                                By _____

8                                                   Diane L. Webb
                                                    Attorneys for Defendant
9                                                   THE PRUDENTIAL INSURANCE
                                                    COMPANY OF AMERICA

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -

NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF
CALIFORNIA (28 U.S.C. §§ 1332, 1441(B) AND 1446) (DIVERSITY) AND CERTIFICATE, ET AL.

# EXHIBIT A

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process**
**Transmittal**
04/03/2008
CT Log Number 513271318

||||||||||||||||||||||||||||||||||||||||

**TO:**  Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

**RE:**  **Process Served in California**

**FOR:**  The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**  Gloria J. Saunders, Pltf. vs. The Pudential Insurance Company of America, et al., Dfts.

**DOCUMENT(S) SERVED:**  Summons, Complaint, Exhibit

**COURT/AGENCY:**  Humboldt County, Eureka, Superior Court, CA
Case # DR080244

**NATURE OF ACTION:**  Breach of Contract - Failing and refusing to pay benefits under the Policy

**ON WHOM PROCESS WAS SERVED:**  C T Corporation System, Los Angeles, CA

**DATE AND HOUR OF SERVICE:**  By Process Server on 04/02/2008 at 14:55

**APPEARANCE OR ANSWER DUE:**  Within 30 days after service

**ATTORNEY(S) / SENDER(S):**  Frank N. Darras
Shernoff Bidart & Darras, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
(909) 390-3770

**ACTION ITEMS:**  SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 791036662010
Email Notification, Legal Process Unit legal.process.unit@prudential.com

**SIGNED:**  C T Corporation System
**PER:**  Nancy Flores
**ADDRESS:**  818 West Seventh Street
Los Angeles, CA 90017
**TELEPHONE:**  213-337-4615



Page 1 of  1 / EM

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

2⁵⁵pm. 04-02-08

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

~~THE PRUDENTIAL INSURANCE COMPANY OF AMERICA~~; and DOES 1
through 10, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GLORIA J. SAUNDERS,

---

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la Corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

---

| The name and address of the court is:<br>(El nombre y dirección de la corte es): | CASE NUMBER:<br>(Número del Caso): |
|---|---|
| | D R 0 8 0 2 4 4 |

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF HUMBOLDT
825 Fifth Street, Eureka, CA 95501

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
FRANK N. DARRAS #128904                    909.390.3770
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300, Ontario, CA 91761

| DATE: **MAR 1 7 2008**<br>(Fecha) | Clerk, by ~~DONNA W~~ | , Deputy<br>(Adjunto) |
|---|---|---|
| | (Secretario) | |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010))*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify):    THE PRUDENTIAL INSURANCE COMPANY OF AMERICA

under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other (specify):

4. ☒ by personal delivery on (date): 04-02-08

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. January 1, 2004] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>American LegalNet, Inc.   www.USCourtForms.com |
|---|---|---|

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART & DARRAS, LLP
2  3257 East Guasti Road, Suite 300
3  Ontario, CA 91761
   Telephone:  (909) 390-3770
4  Facsimile:  (909) 974-2121

5  Attorneys for Plaintiff

6

**FILED**

MAR 17 2008

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

7            SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                   FOR THE COUNTY OF HUMBOLDT

9   GLORIA J. SAUNDERS,                 Case No.: **DR 080244**

10          Plaintiff,                  COMPLAINT AND JURY DEMAND

11      vs.                             1) Breach of the Duty of Good Faith and
                                        Fair Dealing;
12                                      2) Breach of Contract.
    THE PRUDENTIAL INSURANCE
13  COMPANY OF AMERICA; and DOES 1
14  through 10, inclusive,

15          Defendants.

16

17

18  Plaintiff alleges as follows:

19                      **GENERAL ALLEGATIONS**

20                          **Introduction**

21      1.    Prior to her injury (which occurred on or about July 31, 2006, after she had

22  positioned a patient that subsequently resulted in significant muscle spasm), Plaintiff,

23  GLORIA J. SAUNDERS ("MS. SAUNDERS"), at age sixty (60), had been employed as

24  a Radiation Therapist for some thirty-five (35) years. Her substantial and material duties

25  and occupational requirements included:

26      • Standing and walking completed frequently to continuously throughout

27        the work day; and

28      • Frequently lifting and/or moving from 15 to 35 pounds (1 to 4 times per

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9TH TEL 909 621 4935

- 1 -
COMPLAINT AND JURY DEMAND

1    patient); and, occasionally lifting and/or moving up to 200+ pounds

2    when lifting or repositioning patients.

3    2.    However, due to muscle spasms and debilitating back pain that had been

4    developing throughout 2006, MS. SAUNDERS was no longer able to perform the

5    substantial and material duties of her occupation, including lifting, and submitted a claim

6    to THE PRUDENTIAL INSURANCE COMPANY OF AMERICA ("PRUDENTIAL") for

7    long term disability benefits.

8    3.    However, instead of paying MS. SAUNDERS the full amount of benefits

9    due her under the terms of the Policy, PRUDENTIAL:

10    • **UNREASONABLY** relied upon an outdated "estimated" return to work

11    date to originally deny MS. SAUNDERS' claim; and then, upon appeal,

12    • **UNREASONABLY** relied upon selective information and facts from

13    surveillance and a medical record review which actually substantiated

14    her disability, to continue to unreasonably refuse to pay her disability

15    benefits.

16    **Factual Allegations**

17    4.    Plaintiff is, and at all relevant times was, a resident and citizen of the State

18    of California.

19    5.    Plaintiff alleges upon information and belief that Defendant, THE

20    PRUDENTIAL INSURANCE COMPANY OF AMERICA, is, and at all relevant times

21    was, a corporation duly organized and existing under and by virtue of the laws of the

22    State of New Jersey and authorized to transact and transacting the business of

23    insurance in this state.

24    6.    The true names of capacities, whether individual, corporate, associate, or

25    otherwise, of Defendants, DOES 1 through 10, inclusive, are unknown to Plaintiff, who

26    therefore sues said Defendants by such fictitious names. Plaintiff is informed and

27    believes and on such information and belief alleges that each of the Defendants sued

28    herein as a DOE is legally responsible in some manner for the events and happenings

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD. CLAREMONT, CA 91711 TEL 909.621.4935

1   referred to herein, and will ask leave of this court to amend this Complaint to insert their

2   true names and capacities in place and instead of the fictitious names when the same

3   become known to Plaintiff.

4       7.    At all relevant times, Defendants, and each of them, were the agents and

5   employees of each of the remaining Defendants, and were at all times acting within the

6   purpose and scope of said agency and employment, and each Defendant has ratified

7   and approved the acts of his agent.

8       8.    At all relevant times herein, MS. SAUNDERS was covered under Long

9   Term Disability policy number G 40939 CA issued by PRUDENTIAL to Saint Joseph

10  Health System, a not for profit Catholic health care system which is not subject to

11  ERISA[1] (the "Policy"). A copy of the Policy is attached hereto as Exhibit "A."

12      9.    According to the terms of the Policy, if MS. SAUNDERS became disabled,

13  PRUDENTIAL agreed to pay her, after an elimination period, monthly disability benefits

14  as follows:

| Term | Provision |
|---|---|
| **Elimination Period** | Your elimination period depends on the Option for which you are enrolled. You are automatically enrolled for Option 1 unless you choose to enroll for Option 2. <br> Option 1: 180 days. <br> Option 2: 90 days. <br> Option 3: 90 days. |
| **Monthly Benefit** | Your monthly benefit depends on the Option for which you are enrolled. You are automatically enrolled for Option 1 unless you choose to enroll for Option 2. |

[1] According to the St. Joseph Health System's website: "St. Joseph Health System is a not-for-profit Catholic health care system established in 1982. Sponsored by The Sisters of St. Joseph of Orange, the corporate office of St. Joseph Health System is located in Orange, California."

COMPLAINT AND JURY DEMAND

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711  TEL 909 621 4935

| Term | Provision | |
|---|---|---|
| | Option 1: 50% of your monthly earnings, but not more than $6,000. Option 2: 50% of your monthly earnings, but not more than $6,000. Option 3: 60% of your monthly earnings, but not more than $6,000. | |
| **Maximum Period of Benefits** | **Your Age on Date Disability Begins** | **Your Maximum Benefit Duration** |
| | Under age 61 | To your normal retirement age*, but not less than 60 months. (*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.) |
| **Disability** | You are disabled when Prudential determines that: <ul><li>You are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;</li><li>You have a 20% or more loss in your indexed monthly earnings due to that sickness or injury; and</li><li>You are under the regular care of a doctor.</li></ul> After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by | |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

| Term | Provision |
|------|-----------|
| | education, training or experience[2]. |
| | [Additionally, on or about December 26, 2006, PRUDENTIAL wrote to MS. SAUNDERS and explained the following: |
| | "We interpret this language to mean the inability: To perform with reasonable continuity, the substantial and material acts necessary to pursue your usual occupation in the usual and customary way or to engage with reasonable continuity in another occupation in which you could reasonably be expected to perform satisfactorily in light of your age, education, training, experience in life, physical and mental capacity."] |
| Injury | Injury means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan. |
| Sickness | Sickness means any disorder of your body or mind, but not an injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan. |
| Material and Substantial Duties | Material and substantial duties means duties that:<br>• Are normally required for the performance |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD. CLAREMONT CA 91711 TEL. 909 621 4935

---

[2] To the extent that this definition is in conflict with California law, Plaintiff alleges that California law applies.

COMPLAINT AND JURY DEMAND

| Term | Provision |
|------|-----------|
| | of your regular occupation; and |
| | • Cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week. |

10.    At all relevant times herein, all premiums due under the Policy have been paid and Plaintiff has performed all her obligations under the Policy.

11.    In July, 2006, MS. SAUNDERS was treated by Allison Burton, M.D., who subsequently confirmed her disability. According to Dr. Burton's treatment notes in July, 2006:

| Date | Treatment/Findings |
|------|--------------------|
| 07/31/2006 | "Patient comes in today with **low back discomfort**." "She was **moving a patient** where she works in radiation therapy and she **started having significant muscle spasm**." "...referred to physical therapy." "She is tender...over her gluteus maximum muscles bilaterally, in the SI joints as well." "There is midline tenderness." "**Off of work for now**." (Emphasis added.) |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD CLAREMONT CA 91711 TEL (909) 621-4935

- 6 -

1    12.    MS. SAUNDERS subsequently contacted her employer about her inability

2    to perform the substantial and material duties of her occupation due to her injury, and,

3    on or about September 14, 2006, St. Joseph Hospital wrote the following to MS.

4    SAUNDERS:

5    • "As of October 29, 2006, you will have met your waiting period for Long

6    Term Disability."

7    • "You elected the 60% level, which had a 90 day waiting period from the

8    time that you went out on leave."

9    • "I have been notified by our Employee Health Department that your

10    first day of leave was August 1, 2006."

11    • "Enclosed please find a packet of information from Prudential."

12    13.    MS. SAUNDERS subsequently submitted her claim to PRUDENTIAL[3].

13    14.    On or about September 19, 2006, Kate McCaffrey, D.O., wrote the

14    following to Dr. Burton of Redwood Family Practice after a referral for osteopathic

15    treatment and evaluation. According to Dr. McCaffrey's letter:

16    • "...Gloria's chief complaint is pain in her lower back and sacroiliac

17    area...her muscles are stiff and sore."

18    • "The **pain in** her **back** radiates to bilateral groin areas...has been

19    worse since June, 2006...**made worse with lifting**."

20    • "...X-ray lumbar spine, 8/22/06 shows disc disease with narrowing of

21    the space at L4-5 and L5-S1."

22    • "An x-ray of her sacroiliac joints on 8/22/06 shows...sclerosis."

23    • **EXAMINATION**: Chronic tissue texture changes in paravertebral

24    lumbar region from T12 through L5. Deconditioned core muscles.

25    Laxity and bilateral sacroiliac joints with tender points. Decreased

26    sacral motion.

27

28

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S HORN HILL BLVD CLAREMONT CA 91711 TEL (909) 621-4935

- 7 -

- **TREATMENT**: Myofascial release and osteopathy in the cranial field applied to lumbar region, sacrum and pelvis.
- **ASSESSMENT**: Lumbar strain with radiculopathy[4] to bilateral groin region; sacroiliitis[5]; lumbago[6]; right hip pain; coccydynia[7].
- **"I do not think she is able to go back to her regular job which entails transferring patients...lifting...twisting and bending..."** (Emphasis added.)

15.     In or about October, 2006, MS. SAUNDERS' disability was extended by her treating physicians for approximately three (3) months; and, on or about November 7, 2006, the treating physicians at Redwood Family Practice, after an examination, further extended MS. SAUNDERS' disability to on or about January 7, 2007.

16.     However, instead of paying the benefits to which she was entitled, on or about December 26, 2006, PRUDENTIAL wrote to MS. SAUNDERS and paid benefits for less than a two (2) month period and then unreasonably denied her further benefits under the terms of the Policy. According to PRUDENTIAL's letter:

| Allegations | True Facts |
|---|---|
| "We have completed our Pre-existing Condition evaluation for the timeframe of September 1, 2005 through November 30, 2005 and have determined that you are eligible to receive Long Term Disability benefits." | |

---

[3] PRUDENTIAL acknowledged receipt of the claim on or about November 13, 2006, when it wrote to MS. SAUNDERS and stated: "Thank you for submitting your information and request for Long Term Disability (LTD) benefits under Group Plan No. 40939 issued to Saint Joseph Health System."

[4] **Radiculopathy:** Any disease of the spinal nerve roots and spinal nerves. It is synonymous with radiculitis. Radiculopathy is characterized by pain which seems to radiate from the spine to extend outward to cause symptoms away from the source of the spinal nerve root irritation.

[5] Sacroiliitis is an inflammation of one or both of the sacroiliac joints, which connect the lower spine and pelvis.

[6] Lumbago is the term used to describe general lower back pain.

[7] Inflammation of the bony area (tailbone or coccyx) located between the buttocks is referred to as coccydynia. Coccydynia is associated with pain and tenderness at the tip of the tailbone between the buttocks. The pain is often worsened by sitting.

COMPLAINT AND JURY DEMAND

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD. CLAREMONT CA 91711  TEL 909 621 4935

| Allegations | True Facts |
|---|---|
| "Your Long Term Disability claim has been approved effective October 30, 2006." | |
| "According to the medical information submitted, your attending physician, Chia Chen, MD, indicate you could return to work on December 8, 2006." | ◘ At the time that this letter was written, PRUDENTIAL knew, or should have known, that the December 8, 2006 was an estimated date as the question which was posed to Dr. Chen stated: "Present *estimated date* patient...will be able to perform his/her regular ...work." (Emphasis added.) |
| "Therefore, we have approved your claim through December 7, 2006 with no further benefits...payable." "Your claim has now been terminated effective December 8, 2006." | ◘ At the time that this letter was written, PRUDENTIAL knew, or should have known, that the treating physicians at Redwood Family Practice had extended her disability to on or about January 7, 2007. |
| Additionally, substantiating her disability, on or about December 28, 2006, two (2) days after the date of this denial letter, MS. SAUNDERS' disability was extended by the Redwood Family Practice physicians to on or about April 7, 2007. | |

17.   On or about March 6, 2007, Dr. Chia Chen wrote the following letter To Whom It May Concern substantiating MS. SAUNDERS' disability:

- "Gloria Saunders has a history of low back pain, diagnosed in July 2006."
- "I have been seeing her since September 2006."
- "She has been taken off work ever since her back pain started, and she is deemed unfit to go back to work at this time."
- "She will likely have to undergo vocational rehab rather than return to her

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

1    previous work."

2    18.    On or about March 12, 2007, MS. SAUNDERS appealed PRUDENTIAL's

3    unreasonable denial in a letter which stated:

- "...I continue to have muscle spasms across the lumbar-sacral and sacroiliac area of my back, moderate to severe pain in the same area, difficulty stooping, bending, pivoting and walking."

- "I also cannot lift more than eight pounds at my center of gravity on a good day without causing pain in the same area."

- "...I cannot sit for prolonged periods of time without causing pain to my lower back."

- "These symptoms occur on a daily basis, some days more severe than others."

- "I continue to do the daily exercises and walking as prescribed by my physical therapist and medical physician."

- "I have worked as a Radiation Therapist for thirty-five years and know...that I am unable to perform my job requirements...without jeopardizing myself or my patients."

- "...I have continued to pay my monthly premiums for this disability insurance...in a timely manner since this disability began on August 1, 2006[8]."

19.    Even though in or about April, 2007, MS. SAUNDERS' disability was again extended by her treating physicians to on or about July 7, 2007, on or about April 30, 2007, PRUDENTIAL had a company known as MLS National Medical Evaluation Services, Inc. ("MLS[9]) provide a medical record review of MS. SAUNDERS' claim.

[8] To the extent that the Policy provides for a waiver of premium during a period of disability, PRUDENTIAL has unreasonably failed to reimburse MS. SAUNDERS for paid premiums during her period of disability and has failed to waive further premium payments.

[9] Based upon information and belief, Plaintiff alleges that this company's credibility is questionable as it is involved in a lawsuit which includes allegations that MLS "transmitted a phony report" to the contracting

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 9171  TEL 909 621 4935

1  Plaintiff alleges upon information and belief that any report from MLS is immediately

2  suspect as a good portion of MLS's financial success is dependent upon its relationship

3  with PRUDENTIAL, which would not continue *if* MLS physicians were generating

4  opinions unfavorable to PRUDENTIAL[10].

5      20.    Without conducting an independent medical examination or a functional

6  capacity evaluation, and based primarily upon the MLS medical record review, on or

7  about May 23, 2007, PRUDENTIAL wrote to MS. SAUNDERS and unreasonably

8  refused to pay her the benefits to which she was entitled under the terms of the Policy.

9  According to that letter:

| Allegations | True Facts |
|---|---|
| "We have determined that our decision was appropriate and have upheld our decision to terminate your claim for LTD benefits." | |
| "As part of the appellate review of your claim, the available medical data in the administrative record was referred to an external physician…for the purpose of completing a full medical file review." | ◘ According to PRUDENTIAL's letter: "Prudential, at our expense, shall have the right and opportunity to examine you when and as often as we may reasonably require during the pendency of a claim." ◘ PRUDENTIAL unreasonably failed to |

insurance company, which "contained statements not made by Dr. Templin [MLS' examining physician] in any form or fashion and which omitted critical statements and opinions by Dr. Templin…" Additionally, according to the website hosted by this company, its clientele is comprised of insurance companies and employers, not individuals, and the service it provides is "to assist local/regional claims offices in the IME/Peer Review process." The inherent unfairness connected to a service which specializes in obtaining doctors for insurance companies is clear. And, the financial bias of a doctor retained by this company, is always suspect.

[10] MLS' inherent bias favoring PRUDENTIAL requires viewing any MLS report with a great deal of skepticism. *See Regula v. Delta Family-Care Disability Survivorship Plan*, 266 F.3d 1130, 1143 (9th Cir. 2001) (expressing concern over an insurer repeatedly hiring the same physicians as experts). In fact, the Supreme Court has acknowledged that "physicians repeatedly retained by benefits plans may have an incentive to make a finding of not disabled in order to save their employers money and to preserve their own consulting arrangements." *Black & Decker Disability Plan v. Nord*, 538 U.S. 822, 832, 123 S. Ct. 1965, 1971(2003) (quotations omitted).

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711  TEL 909.621.4935

| Allegations | True Facts |
|---|---|
| | have MS. SAUNDERS examined prior to its denial or this appeal denial. |
| | ▫ As this case is not subject to ERISA, PRUDENTIAL had a duty and obligation to fully and fairly investigate this claim, which meant, among other things, that it had to obtain all relevant medical information for the physician to review, not just what was currently in its file. Based upon information and belief, Plaintiff alleges that at the time of the medical record review, PRUDENTIAL had failed to fulfill its duty and obligation to obtain all relevant medical documentation. |
| | ▫ PRUDENTIAL failed to mention in this letter that the medical record reviewer not only was working for a company with close financial ties to PRUDENTIAL, but that the hired physician also had a record of providing medical record reviews for insurance companies for financial gain[11]. |

[11] The record review, without any examination of MS. SAUNDERS was performed by Andrea J. Wagner, M.D., who has also performed medical record reviews for Hartford through another company with strong financial ties to the insurance industry, UDC. Therefore, Plaintiff alleges upon information and belief that this doctor also suffers from a financial bias.

- 12 -

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD, CLAREMONT CA 91711 TEL 909 621 4935

| Allegations | True Facts |
|---|---|
| | ▫ Based upon information and belief, Plaintiff alleges that PRUDENTIAL unreasonably failed to send this medical record review to any of MS. SAUNDERS' treating physicians for review prior to this appeal denial. |
| "The physician-reviewer opined that...there is no medical basis for functional impairment..."<br><br>"The physician-reviewer opined that the medical records do not support evidence of significant impairment..." | ▫ **MISREPRESENTATION OF POLICY TERMS**: At the time that PRUDENTIAL wrote this letter, it knew, or should have known, that the Policy does not require a "functional impairment" or a "significant impairment" to be disabled under the terms of the policy. Only an "injury[12]" or a "sickness" is required.<br><br>▫ Additionally, PRUDENTIAL selectively choose to ignore statements made by the record reviewer that actually substantiated MS. SAUNDERS' disability, for example:<br>      -"On July 31, 2006, Ms. Saunders<br>      had low back pain....muscle<br>      spasm...muscular tenderness."<br>      -"In August of 2006...Ms. Saunders<br>      was instructed to remain off work..."<br>      -"On August 25, 2006, Ms. |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD. CLAREMONT CA 91711 TEL 909 621 4935

---

[12] According to the Policy: "injury means a bodily injury that is the direct result of an accident and not related to any other cause."

COMPLAINT AND JURY DEMAND

| Allegations | True Facts |
|---|---|
| | Saunders continued to have back pain. The record states that she was not ready for work and an osteopathic evaluation and treatment were recommended. Ms. Saunders was instructed to remain off work, as her job required lifting."<br><br>-"Dr. McCaffrey, Osteopathy, evaluated Ms. Saunders...Dr. McCaffrey states...that Ms. Saunders could not return to her regular work as it involved transferring patients, lifting and twisting."<br><br>-"On September 21, 2006, Ms. Saunders continued to note aching low back pain...She was noted to be limited due to pain."<br><br>-"On September 25, 2006, Ms Saunders continued to have symptoms of stiffness and soreness...It was Dr. McCaffrey's assessment that Ms. Saunders was unable to work at her job."<br><br>-"On September 28, 2006...Dr. McCaffrey recommended ongoing physical therapy and a walking |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

COMPLAINT AND JURY DEMAND

| Allegations | True Facts |
|---|---|
|  | program." |
|  | -"By December 30, 2006, Ms. Saunders' pain was noted to be worse and constant." |
|  | -"A letter from Dr. Chen dated March 6, 2007, indicates Ms. Saunders had a history of low back pain and had been taken off work. It was Dr. Chen's assessment that Ms. Saunders was unfit to return to work." |
|  | -"Surveillance conducted in March of 2007, indicates Ms. Saunders was observed taking a walk. In the course of the surveillance she…did have a limp." |
| "Surveillance was conducted in March of 2007, and you were observed taking a walk." | ▪ So, the surveillance noted that MS. SAUNDERS was complying with her physician's recommendations. Remember, even PRUDENTIAL's physician reviewer remarked that -"On September 28, 2006…Dr. McCaffrey recommended ongoing physical therapy and a walking program."<br><br>▪ And that surveillance, which PRUDENTIAL used to deny MS. |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S. INDIAN HILL BLVD CLAREMONT CA 9 71  TEL 909 82 4838

| Allegations | True Facts |
|---|---|
| | SAUNDERS' disability claim, actually had evidence confirming her disability. For example:<br><br>-(03/29/2007)"On our first day of surveillance, the claimant's presence was confirmed, but she was not observed to make an appearance out of doors."<br><br>-(03/30/2007)"On our second day of surveillance, we did obtain…videotape…as she received two unidentified male visitors…it did appear as though they were some type of religious group going door to door within the neighborhood."<br><br>-(03/31/2007)"On our third day of surveillance…The claimant…took a walk…The claimant did…appear to maintain a limp. We did observe the claimant on a few occasions…rub her lower back…the claimant was observed to hold her back from time to time with one and both hands…" |
| "…surveillance conducted in March of 2007, indicated…you did not demonstrate difficulty walking…" | ▫ **MISREPRESENTATION OF FACTS**: In this same letter, PRUDENTIAL acknowledged that the |

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711  TEL 909 621 4935

| Allegations | True Facts |
|---|---|
| | "...surveillance...indicated you to have a limp observed on taking a walk."<br><br>▫ Additionally, the actual surveillance report stated: "On our third day of surveillance...The claimant...took a walk...The claimant did...appear to maintain a limp. We did observe the claimant on a few occasions...rub her lower back...the claimant was observed to hold her back from time to time with one and both hands..." |
| "An additional surveillance CD of approximately 30 minutes was viewed. The surveillance did not provide any substantial additional data concerning your functionality." | ▫ **MISREPRESENTATION OF FACTS**: If there were no activities inconsistent with MS. SAUNDERS' claimed disability, that is relevant and "substantial data" that would support her claim. |
| Additionally, PRUDENTIAL unreasonably failed to prove that MS. SAUNDERS could perform the substantial and material duties of her occupation with reasonable continuity in the usual and customary manner. | |

21.    Despite PRUDENTIAL's unreasonable denial, MS. SAUNDERS has remained disabled as certified, after examinations, by her treating physicians, which have continually extended her disability.

22.    Even though Plaintiff has been, and remains, disabled under the terms of the subject Policy, to date, PRUDENTIAL has unreasonably failed and refused to pay Plaintiff the benefits to which she is entitled.

1      PLAINTIFF, GLORIA J. SAUNDERS, FOR A FIRST CAUSE OF ACTION

2  AGAINST DEFENDANTS, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;

3  and DOES 1 through 10, inclusive, FOR BREACH OF THE DUTY OF GOOD FAITH

4  AND FAIR DEALING, ALLEGES:

5      23.    Plaintiff refers to each and every paragraph of the General Allegations and

6  incorporates those paragraphs as though set forth in full in this cause of action.

7      24.    Defendants, and each of them, have breached their duty of good faith and

8  fair dealing owed to Plaintiff in the following respects:

9      a.    Unreasonably failing to make payments to Plaintiff at a time when

10  Defendants know that Plaintiff was entitled to the payments under the terms

11  of the Policy.

12      b.    Unreasonably delaying payments to Plaintiff knowing Plaintiff's

13  claim for benefits under the Policy to be valid.

14      c.    Unreasonably withholding payments from Plaintiff knowing

15  Plaintiff's claim for benefits under the Policy to be valid.

16      d.    Unreasonably misrepresenting to Plaintiff pertinent facts and

17  insurance Policy provisions relating to the coverage in issued.

18      e.    Failing to reasonably and promptly investigate and process

19  Plaintiff's claim for benefits.

20      f.    Not attempting in good faith to effectuate a prompt, fair and

21  equitable settlement of Plaintiff's claim for benefits in which liability has

22  become reasonably clear.

23      g.    Failing to promptly provide a reasonable explanation of the basis

24  relied upon in the Policy, in relation to the applicable facts, for the denial of

25  Plaintiff's claim for benefits.

26      h.    Plaintiff is informed and believes and thereon alleges that

27  Defendant has breached its duty of good faith and fair dealing owed to

28  Plaintiff by other acts or omissions of which Plaintiff is presently unaware and

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 18 -

1    which will be shown according to proof at the time of trial.

2    25.    As a proximate result of the aforementioned unreasonable conduct of

3    Defendants, Plaintiff has suffered, and will continue to suffer in the future, damages

4    under the Policy, plus interest, and other economic and consequential damages, for a

5    total amount to be shown at the time of trial.

6    26.    As a further proximate result of the aforementioned unreasonable conduct

7    of Defendants, Plaintiff has suffered anxiety, worry, mental and emotional distress, all to

8    Plaintiff's general damage in a sum to be determined at the time of trial.

9    27.    As a further proximate result of the unreasonable conduct of Defendants,

10   Plaintiff was compelled to retain legal counsel to obtain the benefits due under the

11   Policy. Therefore, Defendants are liable to Plaintiff for those attorneys' fees, witness

12   fees and costs of litigation reasonably necessary and incurred by Plaintiff in order to

13   obtain the Policy benefits in a sum to be determined at the time of trial.

14   28.    Defendants' conduct described herein was intended by Defendants to

15   cause injury to Plaintiff or was despicable conduct carried on by the Defendants with a

16   willful and conscious disregard of the rights of Plaintiff, or subjected Plaintiff to cruel and

17   unjust hardship in conscious of Plaintiff's rights, or was an intentional misrepresentation,

18   deceit, or concealment of a material fact known to the Defendants with the intention to

19   deprive Plaintiff of property, legal rights or to otherwise cause injury, such as to

20   constitute malice, oppression or fraud under California Civil Code §3294, thereby

21   entitling Plaintiff to punitive damages in an amount appropriate to punish or set an

22   example of Defendants.

23   29.    Defendants' conduct was highly reprehensible because (1) it caused

24   plaintiff not only substantial economic loss, but also personal physical injury and

25   physical sickness; (2) it demonstrated defendants' indifference and reckless disregard

26   as to the health and safety of Plaintiff; (3) it was repeated and continuous, rather than

27   just an isolated incident; (4) it caused harm to plaintiffs not by accident, but rather by

28   defendants' intentional malice, trickery, and deceit; and (5) plaintiff was financial

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711 TEL 909 621 4935

- 19 -

1    vulnerable to Defendants' conduct.

2        30.    Defendants' conduct described herein was undertaken by the corporate

3    Defendant's deputies or managing agents, identified herein as DOES 1 through 100,

4    who were responsible for claims supervision and operations, underwriting,

5    communications and/or decisions. The aforedescribed conduct of said managing agents

6    and individuals was therefore undertaken on behalf of the corporate Defendants. Said

7    corporate Defendants further had advance knowledge of the actions and conduct of

8    said individuals whose actions and conduct were ratified, authorized, and approved by

9    managing agents whose precise identities are unknown to Plaintiff at this time are

10    therefore identified and designated herein as DOES 1 through 10, inclusive.

11

12        PLAINTIFF, GLORIA J. SAUNDERS, FOR A SECOND CAUSE OF ACTION

13    AGAINST DEFENDANTS, THE PRUDENTIAL INSURANCE COMPANY OF AMERICA;

14    and DOES 1 through 10, inclusive, FOR BREACH OF CONTRACT, ALLEGES:

15        31.    Plaintiff refers to each and every paragraph of the General Allegations and

16    incorporates those paragraphs as though set forth in full in this cause of action.

17        32.    Defendants, and each of them, owed duties and obligations to Plaintiff

18    under the Policy.

19        33.    Defendants, and each of them, breached the terms and provisions of the

20    insurance Policy by failing and refusing to pay benefits under the Policy as set forth in

21    the second paragraph of the First Cause of Action, incorporated herein by referenced.

22        34.    As a direct and proximate result of Defendants' conduct and breach of

23    their contractual obligations, Plaintiff has suffered damages under the Policy in an

24    amount to be determined according to proof at the time of trial.

25        WHEREFORE, Plaintiff prays for judgment against Defendants, and each of

26    them, as follows:

27        AS TO THE FIRST CAUSE OF ACTION AGAINST DEFENDANTS, THE

28    PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 10,

1  inclusive, FOR BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING:

2      1.    Damages for failure to provide benefits under the Policy, plus interest,

3  including prejudgment interest, and other economic and consequential damages, in a

4  sum to be determined at the time of trial;

5      2.    General damages for mental and emotional distress in a sum to be

6  determined at the time of trial;

7      3.    For attorneys' fees, witness fees and costs of litigation incurred by Plaintiff

8  to obtain the Policy's benefits in an amount to be determined at the time of trial;

9      4.    Punitive and exemplary damages in an amount appropriate to punish or

10 set an example of Defendants;

11     5.    For costs of suit incurred herein; and,

12     6.    For such other and further relief as the Court deems just and proper.

13     AS TO THE SECOND CAUSE OF ACTION AGAINST DEFENDANTS, THE

14 PRUDENTIAL INSURANCE COMPANY OF AMERICA; and DOES 1 through 10,

15 inclusive, FOR BREACH OF CONTRACT:

16     1.    Damages under the Policy in an amount to be determined according to

17 proof at the time of trial;

18     2.    For costs of suit incurred herein; and,

19

20 ///

21

22 ///

23

24 ///

25

26 ///

27

28 ///

SHERNOFF BIDART DARRAS
LAWYERS FOR INSURANCE POLICYHOLDERS
600 S INDIAN HILL BLVD CLAREMONT CA 91711  TEL 909 621 4935

- 21 -

1    3.    For such other and further relief as the Court deems just and proper.

2

3    DATED: March 11, 2008                    SHERNOFF BIDART & DARRAS, LLP

4

5                                             FRANK N. DARRAS
                                             Attorneys for Plaintiff
6

7

8                          **DEMAND FOR JURY TRIAL**

9

10    Plaintiff hereby demands a trial by jury.

11

12                                           SHERNOFF BIDART & DARRAS, LLP

13

14                                           FRANK N. DARRAS
                                             Attorneys for Plaintiff
15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 22 -
COMPLAINT AND JURY DEMAND

# Saint Joseph Health System

Long Term Disability Coverage



**Prudential Financial**

EXHIBIT A

000023

# Benefit Highlights

### LONG TERM DISABILITY PLAN

This long term disability plan provides financial protection for you by paying a portion of your income while you have a long period of disability. The amount you receive is based on the amount you earned before your disability began. In some cases, you can receive disability payments even if you work while you are disabled. Benefits start after the elimination period.

| | |
|---|---|
| **Program Date:** | January 1, 2004 |
| **Contract Holder:** | SAINT JOSEPH HEALTH SYSTEM |
| **Group Contract Number:** | G-40939-CA |
| **Covered Classes:** | All Active Full-time and Part-time Employees of St. Joseph Health System, Hospital of Orange, Mission Hospital, St. Jude Medical Center, Heritage Healthcare North, Heritage Healthcare South, St. Mary Regional Medical Center, Home Care Network Queen, Home Care Network Sonoma, and Sister's of St. Joseph's. |
| **Minimum Hours Requirement:** | Employees must be working at least 24 hours per week. |
| **Employment Waiting Period:** | You may need to work for your Employer for a continuous period before you become eligible for the plan. The period must be agreed upon by your Employer and Prudential. |
| | Your Employer will let you know about this waiting period. |
| **Elimination Period:** | Your elimination period depends on the Option for which you are enrolled. You are automatically enrolled for Option 1 unless you choose to enroll for Option 2. |
| | Option 1: 180 days. |
| | Option 2: 90 days. |
| | Option 3: 90 days. |
| | **Benefits begin the day after the Elimination Period is completed.** |
| **Monthly Benefit:** | Your monthly benefit depends on the Option for which you are enrolled. You are automatically enrolled for Option 1 unless you choose to enroll for Option 2. |
| | Option 1: 50% of your monthly earnings, but not more than $6,000. |
| | Option 2: 50% of your monthly earnings, but not more than $6,000. |
| | Option 3: 60% of your monthly earnings, but not more than $6,000 |
| | Your benefit may be reduced by deductible sources of income and disability earnings. Some disabilities may not be covered or may be limited under this coverage. |

83500
CBH-LTD-1001

(40939-3)

1

 

| Maximum Period of Benefits: | Your Age on Date Disability Begins | Your Maximum Benefit Duration |
|---|---|---|
| | Under age 61 | To your normal retirement age*, but not less than 60 months |
| | Age 61 | To your normal retirement age*, but not less than 48 months |
| | Age 62 | To your normal retirement age*, but not less than 42 months |
| | Age 63 | To your normal retirement age*, but not less than 36 months |
| | Age 64 | To your normal retirement age*, but not less than 30 months |
| | Age 65 | 24 months |
| | Age 66 | 21 months |
| | Age 67 | 18 months |
| | Age 68 | 15 months |
| | Age 69 and over | 12 months |

**\*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.**

No contributions are required for your coverage while you are receiving payments under this plan.

**Cost of Coverage:**    Your cost of coverage depends on the Option for which you are enrolled. You are automatically enrolled for Option 1 unless you choose to enroll for Option 2.

Option 1:  The long term disability plan is provided to you on non-contributory basis.  The entire cost of your coverage under the plan is being paid by your Employer.

Option 2 and Option 3:  The long term disability plan is provided to you on a contributory basis.  You will be informed of the amount of your contribution when you enroll.

**The above items are only highlights of your coverage.  For a full description please read this entire Group Insurance Certificate.**

EXHIBIT A

000025

# Table of Contents

BENEFIT HIGHLIGHTS - LONG TERM DISABILITY PLAN ...................................................... 1

CERTIFICATE OF COVERAGE ........................................................................................ 4

GENERAL PROVISIONS .................................................................................................. 5

LONG TERM DISABILITY COVERAGE - GENERAL INFORMATION .................................... 9

LONG TERM DISABILITY COVERAGE - BENEFIT INFORMATION ...................................... 10

LONG TERM DISABILITY - OTHER BENEFITS ................................................................ 22

LONG TERM DISABILITY - CLAIM INFORMATION ............................................................ 23

LONG TERM DISABILITY - OTHER SERVICES ................................................................ 25

GLOSSARY .................................................................................................................. 27

ERISA STATEMENT ...................................................................................................... 31



The Prudential Insurance Company of America

# Certificate of Coverage

The Prudential Insurance Company of America (referred to as Prudential) welcomes you to the plan.

This is your Certificate of Coverage as long as you are eligible for coverage and you meet the requirements for becoming insured. You will want to read this certificate and keep it in a safe place. Sign your name in the space below when you receive this certificate.

Prudential has written this certificate in booklet format to be understandable to you. If you should have any questions about the content or provisions, please consult Prudential's claims paying office. Prudential will assist you in any way to help you understand your benefits.

The benefits described in this Certificate of Coverage are subject in every way to the entire Group Contract which includes this Group Insurance Certificate.

### Prudential's Address

The Prudential Insurance Company of America
290 West Mount Pleasant Avenue
Livingston, New Jersey 07039

### Customer Service Office

The Prudential Insurance Company of America
Disability Management Services Claim Division
P.O. Box 13480
Philadelphia, Pennsylvania 19101
1-800-842-1718

**Should you have a dispute concerning your coverage you should contact Prudential first. If the dispute is not resolved, you may contact the California Department of Insurance at the following address and phone number:**

**California Department of Insurance
Consumer Services Division
300 S. Spring Street
Los Angeles, California 90013
1-800-927-HELP**

THIS CERTIFICATE IS NOT A MEDICARE SUPPLEMENT CERTIFICATE. If you are eligible for Medicare, review the Guide to Health Insurance for People with Medicare available from the company.

_____

Signature of Employee

83500
CERT-1003

4

(S-2)

EXHIBIT A

# General Provisions

## What Is the Certificate?

This certificate is a written document prepared by Prudential which tells you:

- the coverage to which you may be entitled;
- to whom Prudential will make a payment; and
- the limitations, exclusions and requirements that apply within a plan.

## General Definitions used throughout this certificate include:

*You* means a person who is eligible for Prudential coverage.

*We*, *us*, and *our* means The Prudential Insurance Company of America.

*Employee* means a person who is in active employment with the Employer for the minimum hours requirement.

*Insured* means any person covered under a coverage.

*Plan* means a line of coverage under the Group Contract.

## When Are You Eligible for Coverage?

If you are working for your Employer in a covered class, the date you are eligible for coverage is the later of:

- the plan's program date; and
- the day after you complete your *employment waiting period.*

*Employment waiting period* means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

## When Does Your Coverage Begin?

When your Employer pays the entire cost of your coverage under a plan, you will be covered at 12:01 a.m. on the date you are eligible for coverage, provided you are in *active employment* on that date.

When you and your Employer share the cost of your coverage under a plan, you will be covered at 12:01 a.m. on the latest of:

- the date you are eligible for coverage, if you apply for insurance on or before that date;

83500
CGP-1001

(S-1) (40939-3)

EXHIBIT A

- the date you apply for insurance, if you apply within 31 days after your eligibility date; or

- the date Prudential approves your application, if *evidence of insurability* is required.

Evidence of insurability is required if you:

- are a late applicant, which means you apply for coverage more than 31 days after the date you are eligible for coverage; or

- voluntarily canceled your coverage and are reapplying; or

- apply after any of your coverage ended because you did not pay a required contribution; or

- have not met a previous evidence requirement to become insured under any plan the Employer has with Prudential.

An evidence of insurability form can be obtained from your Employer.

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 24 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Evidence of insurability* means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of insurability will be provided at your own expense.

## What If You Are Absent from Work on the Date Your Coverage Would Normally Begin?

If you are absent from work due to injury, sickness, temporary layoff or leave of absence your coverage will begin on the date you return to active employment.

## Once Your Coverage Begins, What Happens If You Are Temporarily Not Working?

If you are on a temporary layoff, and if premium is paid, you will be covered to the end of the month following the month in which your temporary layoff begins.

83500
CGP-1001                                   6                          (S-1) (40939-3)

EXHIBIT A

If you are on a *leave of absence*, and if premium is paid, you will be covered to the end of the month following the month in which your leave of absence begins.

With respect to leave under the federal Family and Medical Leave Act of 1993 (FMLA) or similar state law, continuation of coverage under the plan during such leave will be governed by your Employer's policies regarding continuation of such coverage for non-FMLA leave purposes and any applicable law. Continuation of such coverage pursuant to this provision is contingent upon Prudential's timely receipt of premium payments and written confirmation of your FMLA leave by your Employer.

If you are working less than 24 hours per week, for reasons other than disability, and if premium is paid, you will be covered to the end of the month following the month in which your reduced hours begin.

*Layoff or leave of absence* means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

## When Will Changes to Your Coverage Take Effect?

Once your coverage begins, any increased or additional coverage will take effect immediately upon the effective date of the change, if you are in active employment or if you are on a covered layoff or leave of absence. If you are not in active employment due to injury or sickness, any increased or additional coverage will begin on the date you return to active employment. An increase in your long term disability coverage may be subject to a pre-existing condition limitation as described in the plan. Any decrease in coverage will take effect immediately upon the effective date of the change. Neither an increase nor a decrease in coverage will affect a *payable claim* that occurs prior to the increase or decrease.

*Payable claim* means a claim for which Prudential is liable under the terms of the Group Contract.

## When Does Your Coverage End?

Your coverage under the Group Contract or a plan ends on the earliest of:

- the date the Group Contract or a plan is canceled;

- the date you are no longer a member of the covered classes;

- the date your covered class is no longer covered;

- the last day of the period for which you made any required contributions;

- the last day you are in active employment except as provided under the temporary absence from work provisions; or

- the date you are no longer in active employment due to a disability that is not covered under the plan.

EXHIBIT A

## Does the Coverage under a Plan Replace or Affect any Workers' Compensation or State Disability Insurance?

The coverage under a plan does not replace or affect the requirements for coverage by workers' compensation or state disability insurance.

## Does Your Employer Act as Prudential's Agent?

For purposes of the Group Contract, your Employer acts on its own behalf. Under no circumstances will your Employer be deemed the agent of Prudential.

## Does This Certificate Address Any Rights to Other Benefits or Affect Your Employment with Your Employer?

This certificate sets forth only the terms and conditions for coverage and receipt of benefits for Long Term Disability. It does not address and does not confer any rights, or take away any rights, if any, to other benefits or employment with your Employer. Your rights, if any, to other benefits or employment are solely determined by your Employer. Prudential plays no role in determining, interpreting, or applying any such rights that may or may not exist.

## How Can Statements Made in Your Application for this Coverage be Used?

Prudential considers any statements you or your Employer make in a signed application for coverage a representation and not a warranty. If any of the statements you or your Employer make are not complete and/or not true at the time they are made, we can:

- reduce or deny any claim; or

- cancel your coverage from the original effective date.

If a statement is used in a contest, a copy of that statement will be furnished to you or, in the event of your death or incapacity, to your eligible survivor or personal representative.

A statement will not be contested after the amount of insurance has been in force, before the contest, for at least two years during your lifetime.

We will use only statements made in a signed application as a basis for doing this.

If the Employer gives us information about you that is incorrect, we will:

- use the facts to decide whether you have coverage under the plan and in what amounts; and

- make a fair adjustment of the premium.

83500
CGP-1001

8

(S-1) (40939-3)

EXHIBIT A

**000031**

# Long Term Disability Coverage

## GENERAL INFORMATION

### Who Is in the Covered Class(es) for the Insurance?

The Covered Classes are:

All Active Full-time and Part-time Employees of St. Joseph Health System, Hospital of Orange, Mission Hospital, St. Jude Medical Center, Heritage Healthcare North, Heritage Healthcare South, St. Mary Regional Medical Center, Home Care Network Queen, Home Care Network Sonoma, and Sister's of St. Joseph's.

### How Many Hours Must You Work to be Eligible for Coverage?

You must be working at least 24 hours per week.

### What Is Your Employment Waiting Period?

You may need to work for your Employer for a continuous period before you become eligible for the coverage. The period must be agreed upon by your Employer and Prudential.

Your Employer will let you know about this waiting period.

### Who Pays for Your Coverage?

Your cost of coverage depends on the Option for which you are enrolled. If you are enrolled for Option 1, your coverage is paid for by your employer. If you are enrolled for Option 2 or Option 3, your coverage is paid for by you and your Employer. Your Employer will inform you of the amount of your contribution when you enroll.

EXHIBIT A

000032

# Long Term Disability Coverage

## BENEFIT INFORMATION

### How Does Prudential Define Disability?

You are disabled when Prudential determines that:

- you are unable to perform the material and substantial duties of your regular occupation due to your sickness or injury;

- you have a 20% or more loss in your indexed monthly earnings due to that sickness or injury; and

- you are under the regular care of a doctor.

After 24 months of payments, you are disabled when Prudential determines that due to the same sickness or injury, you are unable to perform the duties of any *gainful occupation* for which you are reasonably fitted by education, training or experience.

The loss of a professional or occupational license or certification does not, in itself, constitute disability.

### Physical Examination:

Prudential, at our expense, shall have the right and opportunity to examine you when and as often as we may reasonably require during the pendency of a claim.

Refusal to be examined may result in denial or termination of your claim.

*Material and substantial duties* means duties that:

- are normally required for the performance of your regular occupation; and

- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

*Regular occupation* means the occupation you are routinely performing when your disability begins. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Gainful occupation* for Option 1 or Option 2 means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 50% of your indexed monthly earnings within 12 months of your return to work. But, if you enrolled for Option 3, it means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

EXHIBIT A

*Sickness* means any disorder of your body or mind, but not an Injury; pregnancy Including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*Injury* means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

*Indexed monthly earnings* means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your Indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Doctor* means:

- a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative Including, but not limited to, you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

## How Long Must You Be Disabled Before Your Benefits Begin?

You must be continuously disabled through your *elimination period*. Prudential will treat your disability as continuous if your disability stops for 30 days or less during the elimination period. The days that you are not disabled will not count toward your elimination period.

EXHIBIT A

If you are enrolled for Option 1, your elimination period is 180 days. But, if you are enrolled for Option 2 or Option 3, your elimination period is 90 days.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

## Can You Satisfy Your Elimination Period If You Are Working?

Yes, provided you meet the definition of disability.

## When Will You Begin to Receive Disability Payments?

You will begin to receive payments when we approve your claim, providing the elimination period has been met. We will send you a payment each month for any period for which Prudential is liable.

## How Much Will Prudential Pay If You Are Disabled and Not Working?

We will follow this process to figure out your *monthly payment*:

1.  If you are enrolled for Option 1 or Option 2, multiply your monthly earnings by 50%. But, if you are enrolled for Option 3, multiply your monthly earnings by 60%.

2.  The maximum *monthly benefit* is $6,000.

3.  Compare the answer in item 1 with the maximum monthly benefit. The lesser of these two amounts is your *gross disability payment*.

4.  Subtract from your gross disability payment any *deductible sources of income*.

That amount figured in item 4 is your monthly payment.

After the elimination period, if you are disabled for less than 1 month, we will send you 1/30th of your payment for each day of disability.

*Monthly payment* means your payment after any deductible sources of income have been subtracted from your gross disability payment.

*Monthly benefit* means the total benefit amount for which you are insured under this plan subject to the maximum benefit.

*Gross disability payment* means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or are entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

## What Are Your Monthly Earnings?

Monthly earnings means your average gross monthly income from your Employer as reported on your W-2 form for the two calendar years prior to your date of disability. If you did not receive a W-2 form from your Employer for the two calendar years prior to your date of disability, monthly earnings means your average gross monthly income from your Employer during your period of employment.

## What Will We Use to Determine Monthly Earnings If You Become Disabled During a Covered Layoff or Leave of Absence?

If you become disabled while you are on a covered layoff or leave of absence, we will use your monthly earnings from your Employer in effect just prior to the date your absence begins.

## How Much Will Prudential Pay If You Work While You Are Disabled?

We will send you the monthly payment if you are disabled and your monthly *disability earnings*, if any, are less than 20% of your indexed monthly earnings due to the same sickness or injury.

If you are disabled and your monthly disability earnings are 20% or more of your indexed monthly earnings, due to the same sickness or injury, Prudential will figure your payment as follows:

During the first 12 months of payments, while working, your monthly payment will not be reduced as long as disability earnings plus the gross disability payment does not exceed 100% of indexed monthly earnings.

1.   Add your monthly disability earnings to your gross disability payment.

2.   Compare the answer in item 1 to your indexed monthly earnings.

If the answer from item 1 is less than or equal to 100% of your indexed monthly earnings, Prudential will not further reduce your monthly payment.

If the answer from item 1 is more than 100% of your indexed monthly earnings, Prudential will subtract the amount over 100% from your monthly payment.

After 12 months of payments, while working, you will receive payments based on the percentage of income you are losing due to your disability.

1.   Subtract your disability earnings from your indexed monthly earnings.

2.   Divide the answer in item 1 by your indexed monthly earnings. This is your percentage of lost earnings.

3.   Multiply your monthly payment by the answer in item 2.

This is the amount Prudential will pay you each month.

During the first 24 months of disability payments, if your monthly disability earnings exceed 80% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

83500
CBI-LTD-1011                                13                                (40939-3)

EXHIBIT A

Beyond 24 months of disability payments, if your monthly disability earnings exceed 60% of your indexed monthly earnings, Prudential will stop sending you payments and your claim will end.

Prudential may require you to send proof of your monthly disability earnings on a monthly basis. We will adjust your payment based on your monthly disability earnings.

As part of your proof of disability earnings, we can require that you send us appropriate financial records, including copies of your IRS federal income tax return, W-2's and 1099's, which we believe are necessary to substantiate your income.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible. This would be, based on your restrictions and limitations:

- During the first 24 months of disability payments, the greatest extent of work you are able to do in your regular occupation, that is reasonably available.

- Beyond 24 months of disability payments, the greatest extent of work you are able to do in any occupation, that is reasonably available, for which you are reasonably fitted by education, training or experience.

Salary continuance paid to supplement your disability earnings will not be considered payment for work performed.

## What Happens If Your Disability Earnings Fluctuate?

If your disability earnings are expected to fluctuate widely from month to month, Prudential may average your disability earnings over the most recent 3 months to determine if your claim should continue subject to all other terms and conditions in the plan.

If Prudential averages your disability earnings, we will terminate your claim if:

- During the first 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 80% of indexed monthly earnings; or

- Beyond 24 months of disability payments, the average of your disability earnings from the last 3 months exceeds 60% of indexed monthly earnings.

We will not pay you for any month during which disability earnings exceed the above amounts.

## What Are Deductible Sources of Income?

Prudential will deduct from your gross disability payment the following deductible sources of income:

1. The amount that you receive as loss of time benefits under:

    (a) a workers' compensation law;

    (b) an occupational disease law; or

    (c) any other *act* or *law* with similar intent.

2.  The amount that you receive as loss of time disability income payments under any state compulsory benefit act or law.

3.  The amount that you receive as loss of time disability income payments under any governmental retirement system as the result of your job with your Employer.

4.  The amount that you, your spouse and children receive as loss of time disability payments because of your disability under:

    (a)  the United States Social Security Act;

    (b)  the Railroad Retirement Act;

    (c)  the Canada Pension Plan;

    (d)  the Quebec Pension Plan; or

    (e)  any similar *plan* or *act*.

    Amounts paid to your former spouse or to your children living with such spouse will not be included.

5.  The amount that you receive as retirement payments or the amount your spouse and children receive as retirement payments because you are receiving payments under:

    (a)  the United States Social Security Act;

    (b)  the Railroad Retirement Act;

    (c)  the Canada Pension Plan;

    (d)  the Quebec Pension Plan; or

    (e)  any similar plan or act.

    Benefits paid to your former spouse or to your children living with such spouse will not be included.

6.  The amount that you receive as retirement benefits, to the extent they are funded by Employer contributions, if they are from an insurance, annuity or pension contract, or a welfare or other employee benefit plan. However, this does not include benefits for any month before you reach normal retirement age, as defined in your Employer's *retirement plan*, unless you choose to receive benefits for that month.

    Disability payments under your Employer's retirement plan. These payments will be those benefits which are paid due to disability and do not reduce the retirement benefit which would have been paid if the disability had not occurred. Disability benefits which reduce the retirement benefit under the plan will also be considered as a retirement benefit.

    No reductions will be made for amounts rolled over or transferred to an eligible retirement plan. Prudential will use the definition of eligible retirement plan as defined in Section 402 of the Internal Revenue Code including any future amendments which affect the definition.

7.  The amount you receive under the maritime doctrine of maintenance, wages and cure. This includes only the "wages" part of such benefits.

EXHIBIT A

With the exception of retirement payments, Prudential will only subtract deductible sources of income which are payable as a result of the same disability.

We will not reduce your payment by your Social Security income if your disability begins after age 65 and you were already receiving Social Security retirement payments.

*Law, plan or act* means the original enactment of the law, plan or act and all amendments.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

## What Are Not Deductible Sources of Income?

Prudential will not deduct from your gross disability payment income you receive from, but not limited to, the following sources:

- 401(k) plans;

- profit sharing plans;

- thrift plans;

- tax sheltered annuities;

- stock ownership plans;

- non-qualified plans of deferred compensation;

- pension plans for partners;

- military pension and disability income plans;

- credit disability insurance;

- franchise disability income plans;

- a retirement plan from another Employer;

- individual retirement accounts (IRA).

## What If Subtracting Deductible Sources of Income Results in a Zero Benefit? (Minimum Benefit)

If you are disabled and not working, the minimum monthly payment is the greater of (a) 10% of the gross disability payment otherwise payable and (b) $100.00.

If you work while you are disabled, the minimum monthly payment is the greater of (a) 10% of the difference between your pre-disability earnings and your current monthly earnings and (b) $100.00.

83500
CBI-LTD-1011

16

(40939-3)



## What Happens When You Receive Certain Increases from Deductible Sources of Income?

Once Prudential has subtracted any deductible source of income from your gross disability payment, Prudential will not further reduce your payment:

- due to a cost of living increase from that source; or
- by the amount of any increase in your Social Security income.

## What If Prudential Determines that You May Qualify for Deductible Income Benefits?

If we determine that you may be eligible for benefits under item 2 or 4 in the deductible sources of income section, your payments will be reduced by an estimated benefit amount.

For item 2, the estimate will be based on state disability statutes. For item 4, the estimate will be based on Social Security tables.

However, we will NOT estimate such benefits if you apply for the disability benefits under item 2 or 4 in the deductible sources of income section, and sign Prudential's Reimbursement Agreement that states you promise to pay back any overpayment caused by a retroactive award.

If your payment has been reduced by an estimated amount, your payment will be adjusted when we receive proof:

- of the amount awarded; or
- that benefits have been denied and all appeals Prudential feels are necessary have been completed. In this case, a lump sum refund of the estimated amount will be made to you.

## What Happens If You Receive a Lump Sum Payment?

If you receive a lump sum payment from any deductible source of income, the lump sum will be pro-rated on a monthly basis over the time period for which the sum was given. If no time period is stated, we will use a reasonable one.

## How Long Will Prudential Continue to Send You Payments?

Prudential will send you a payment each month up to the **maximum period of payment**. Your maximum period of payment is:

| Your Age on Date Disability Begins | Your Maximum Period of Benefits |
|---|---|
| Under age 61 | To your normal retirement age*, but not less than 60 months |
| Age 61 | To your normal retirement age*, but not less than 48 months |
| Age 62 | To your normal retirement age*, but not less than 42 months |
| Age 63 | To your normal retirement age*, but not less than 36 months |
| Age 64 | To your normal retirement age*, but not less than 30 months |
| Age 65 | 24 months |
| Age 66 | 21 months |
| Age 67 | 18 months |
| Age 68 | 15 months |
| Age 69 and over | 12 months |

EXHIBIT A

000040

*Your normal retirement age is your retirement age under the Social Security Act where retirement age depends on your year of birth.

We will stop sending you payments and your claim will end on the earliest of the following:

1. During the first 24 months of payments, when you are able to work in your regular occupation on a *part-time basis* but you choose not to; after 24 months of payments, when you are able to work in any gainful occupation on a part-time basis but you choose not to.

2. The end of the maximum period of payment.

3. The date you are no longer disabled under the terms of the plan.

4. The date you fail to submit proof of continuing disability satisfactory to Prudential.

5. The date your disability earnings exceed the amount allowable under the plan.

6. The date you die.

*Maximum period of payment* means the longest period of time Prudential will make payments to you for any one period of disability.

*Part-time basis* means the ability to work and earn 20% or more of your indexed monthly earnings.

## What Disabilities Have a Limited Pay Period Under Your Plan?

Disabilities which, as determined by Prudential, are due in whole or part to *mental illness* have a limited pay period during your lifetime.

The limited pay period for mental illness is 24 months during your lifetime.

Prudential will continue to send you payments for disabilities due in whole or part to mental illness beyond the 24 month period if you meet one or both of these conditions:

1. If you are *confined* to a *hospital or institution* at the end of the 24 month period, Prudential will continue to send you payments during your *confinement*.

   If you are still disabled when you are discharged, Prudential will send you payments for a recovery period of up to 90 days.

   If you become reconfined at any time during the recovery period and remain confined for at least 14 days in a row, Prudential will send payments during that additional confinement and for one additional recovery period up to 90 more days.

2. In addition to item 1, if, after the 24 month period for which you have received payments, you continue to be disabled and subsequently become confined to a hospital or institution for at least 14 days in a row, Prudential will send payments during the length of the confinement.

Prudential will not pay beyond the limited pay period as indicated above, or the maximum period of payment, whichever occurs first.

83500
CBI-LTD-1011                                                    (40939-3)



Prudential will not apply the mental illness limitation to dementia if it is a result of:

- stroke;

- trauma;

- viral infection;

- Alzheimer's disease; or

- other conditions not listed which are not usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Mental illness* means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive or bipolar illness, anxiety, somatization, substance related disorders and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## What Disabilities Are Not Covered Under Your Plan?

Your plan does not cover any disabilities caused by, contributed to by, or resulting from your:

- intentionally self-inflicted injuries;

- active participation in a riot; or

- commission of a crime for which you have been convicted under state or federal law.

Your plan does not cover a disability which:

- begins within 12 months of the date your coverage under the plan becomes effective; and

- is due to a pre-existing condition.

Your plan does not cover a disability due to war, declared or undeclared, or any act of war.

Prudential will not make a payment for any period of disability during which you are incarcerated as a result of a conviction.

## What Is a Pre-Existing Condition?

You have a pre-existing condition if:

1. You received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines, or followed treatment recommendation in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available; or

2. You had symptoms for which an ordinarily prudent person would have consulted a health care provider in the 3 months just prior to your effective date of coverage or the date an increase in benefits would otherwise be available.

## How Does a Pre-Existing Condition Affect an Increase in Your Benefits?

If there is an increase in your benefits due to an amendment of the plan; or your enrollment in another plan option, a benefit limit will apply if your disability is due to a pre-existing condition.

You will be limited to the benefits you had on the day before the increase if your disability begins during the 12 month period starting with the date the increase in benefits would have been effective. The increase will not take effect until your disability ends.

## How Does the Pre-Existing Condition Work If You Were Covered Under Your Employer's Prior Plan?

Special rules apply to pre-existing conditions, if this long term disability plan replaces your Employer's prior plan and:

- you were covered by that plan on the day before this plan became effective; and

- you became covered under this plan within thirty-one days of its effective date.

The special rules are:

1. If the Employer's prior plan did not have a pre-existing condition exclusion or limitation, then a pre-existing condition will not be excluded or limited under this plan.

2. If the Employer's prior plan did have a pre-existing condition exclusion or limitation, then the limited time does not end after the first 12 months of coverage. Instead it will end on the date any equivalent limit would have ended under the Employer's prior plan.

3. If the change from your Employer's prior plan to this plan of coverage would result in an increase in your amount of benefits, the benefits for your disability that is due to a pre-existing sickness or injury will not increase. Instead the benefits are limited to the amount you had on the day before the plan change.

## What Happens If You Return to Work Full Time and Your Disability Occurs Again?

If you have a *recurrent disability*, as determined by Prudential, we will treat your disability as part of your prior claim and you will not have to complete another elimination period if:

- you were continuously insured under this plan for the period between your prior claim and your current disability; and

- your recurrent disability occurs within 6 months of the end of your prior claim.

Your recurrent disability will be subject to the same terms of the plan as your prior claim. Any disability which occurs after 6 months from the date your prior claim ended will be treated as a new claim. The new claim will be subject to all of the plan provisions.

If you become covered under any other group long term disability plan, you will not be eligible for payments under the Prudential plan.

*Recurrent disability* means a disability which is:

- caused by a worsening in your condition; and

- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

EXHIBIT A

# Long Term Disability Coverage

## OTHER BENEFIT FEATURES

### What Benefits Will be Provided to Your Family If You Die?
### (Survivor Benefit)

When Prudential receives proof that you have died, we will pay your *eligible survivor* a lump sum benefit equal to 3 months of your gross disability payment if, on the date of your death:

- your disability had continued for 180 or more consecutive days; and

- you were receiving or were entitled to receive payments under the plan.

If you have no eligible survivors, payment will be made to your estate.

However, we will first apply the survivor benefit to any overpayment which may exist on your claim.

---

*Eligible survivor* means your spouse, if living; otherwise, your children under age 25.

---

# Long Term Disability Coverage

## CLAIM INFORMATION

### When Do You Notify Prudential of a Claim?

You must send Prudential written proof of your claim no later than 90 days after the termination of the period for which Prudential is liable. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required except in the absence of legal capacity.

We encourage you to notify us of your claim as soon as possible, so that a claim decision can be made in a timely manner.

The claim form is available from your Employer, or you can request a claim form from us. If you do not receive the form from Prudential within 15 days of your request, send Prudential written proof of claim without waiting for the form.

You must notify us immediately when you return to work in any capacity.

### How Do You File a Claim?

You and your Employer must fill out your own section of the claim form and then give it to your attending doctor. Your doctor should fill out his or her section of the form and send it directly to Prudential.

### What Information Is Needed as Proof of Your Claim?

Your proof of claim, provided at your expense, must show:

1. That you are under the regular care of a doctor.

2. The appropriate documentation of your monthly earnings.

3. The date your disability began.

4. Appropriate documentation of the disabling disorder.

5. The extent of your disability, including restrictions and limitations preventing you from performing your regular occupation or gainful occupation.

6. The name and address of any *hospital or institution* where you received treatment, including all attending doctors.

7. The name and address of any doctor you have seen.

We may request that you send proof of continuing disability, satisfactory to Prudential, indicating that you are under the regular care of a doctor. This proof, provided at your expense, must be received within 90 days of a request by us.

83500
CCLM-LTD-1014

23

(S-2)

EXHIBIT A

In some cases, you will be required to give Prudential authorization to obtain additional medical information, and to provide non-medical information as part of your proof of claim, or proof of continuing disability. Prudential will deny your claim or stop sending you payments if the required information is not submitted.

*Hospital or institution* means an accredited facility licensed to provide care and treatment for the condition causing your disability.

## Who Will Prudential Make Payments To?

Prudential will make payments to you.

## What Happens If Prudential Overpays Your Claim?

Prudential has the right to recover any overpayments due to:

- fraud;
- any error Prudential makes in processing a claim; and
- your receipt of deductible sources of income.

You must reimburse us in full. We will determine the method by which the repayment is to be made.

Prudential will not recover more money than the amount we paid you.

## What Are the Time Limits for Legal Proceedings?

You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.

## How Will Prudential Handle Insurance Fraud?

Prudential wants to ensure you and your Employer do not incur additional insurance costs as a result of the undermining effects of insurance fraud. Prudential promises to focus on all means necessary to support fraud detection, investigation and prosecution.

In some jurisdictions, if you knowingly and with intent to defraud Prudential, file an application or a statement of claim containing any materially false information or conceal for the purpose of misleading, information concerning any fact material thereto, you commit a fraudulent insurance act, which is a crime and subjects you to criminal and civil penalties. These actions will result in denial or termination of your claim, and, where such laws apply, are subject to prosecution and punishment to the full extent under any applicable law. Prudential will pursue all appropriate legal remedies in the event of insurance fraud.

EXHIBIT A

# Long Term Disability Coverage

## OTHER SERVICES

### How Can Prudential Help Your Employer Identify and Provide Worksite Modification?

A worksite modification might be what is needed to allow you to perform the material and substantial duties of your regular occupation with your Employer. At your option, one of our designated professionals will assist you and your Employer to identify a modification we agree is likely to help you remain at work or return to work. This agreement will be in writing and must be signed by you, your Employer and Prudential.

When this occurs, Prudential will reimburse you for the cost of the modification up to the greater of:

- $1,000; or

- the equivalent of 2 months of your monthly benefit.

This benefit is available to you on a one time only basis.

### How Can Prudential's Rehabilitation Program Help You Return to Work?

If you are eligible for and choose to participate in a Qualified Rehabilitation Program, Prudential will pay for the cost of the program. If you are eligible to participate, either Prudential will propose a program or you may propose a program that meets the criteria for a Qualified Rehabilitation Program indicated below.

You are eligible to participate in a Qualified Rehabilitation Program if:

1. you are disabled; and

2. you are or may become, entitled to benefits under this coverage for that disability.

A Qualified Rehabilitation Program is a program which meets all of the following criteria:

1. It is reasonably necessary to provide you with the opportunity to return to work.

2. After being in such a program, you can reasonably be expected to support yourself.

3. It has an anticipated completion date and is developed and implemented by a *qualified rehabilitation specialist* who has been selected by Prudential or you.

4. The cost of the program is reasonable in relation to the gross disability payment which is or may be provided.

The Qualified Rehabilitation Program may include, but is not limited to, the following services:

- coordination with your Employer to assist you to return to work;

83500
COTS-LTD-1004

25

(S-1)

EXHIBIT A

**000048**

- evaluation of adaptive equipment to allow you to work;

- child care during your Qualified Rehabilitation Program;

- vocational evaluation to determine how your disability may impact your employment options;

- job placement services;

- resume preparation;

- job seeking skills training;

- retraining for a new occupation; or

- assistance with relocation that may be part of a Qualified Rehabilitation Program.

*Qualified rehabilitation specialist* means a person capable of developing and implementing a vocational rehabilitation plan and whose experience and regular duties involve the evaluation, counseling, or placement of disabled persons. This may include persons who are Certified Rehabilitation Counselors (CRC) as defined by the national Commission on Rehabilitation Counselor Certification (CRCC).

## How Can Prudential's Social Security Claimant Assistance Program Help You With Obtaining Social Security Disability Benefits?

Prudential can arrange for expert advice regarding your Social Security disability benefits claim. If you agree to this program, the experts will assist you with your application or appeal, as long as you are disabled under the plan.

Receiving Social Security disability benefits may enable:

- you to receive Medicare after 24 months of disability payments;

- you to protect your retirement benefits; and

- your family to be eligible for Social Security benefits.

We can assist you in obtaining Social Security disability benefits by:

- helping you find appropriate legal representation;

- obtaining medical and vocational evidence; and

- reimbursing pre-approved case management expenses.

83500
COTS-LTD-1004

(S-1)

EXHIBIT A

# Glossary

*Active employment* means you are working for your Employer for earnings that are paid regularly and that you are performing the material and substantial duties of your regular occupation. You must be working at least 24 hours per week.

Your worksite must be:

- your Employer's usual place of business;

- an alternate work site at the direction of your Employer other than your home unless clear specific expectations and duties are documented; or

- a location to which your job requires you to travel.

Normal vacation is considered active employment.

Temporary and seasonal workers are excluded from coverage.

Individuals whose employment status is being continued under a severance or termination agreement will not be considered in active employment.

*Confined or confinement* for this section means a hospital stay of at least 8 hours per day.

*Contract holder* means the Employer to whom the Group Contract is issued.

*Deductible sources of income* means income from deductible sources listed in the plan that you receive or ere entitled to receive while you are disabled. This income will be subtracted from your gross disability payment.

*Disability earnings* means the earnings which you receive while you are disabled and working, plus the earnings you could receive if you were working to your greatest extent possible es explained in the plan. Salary continuance will not be included as disability earnings since it is not payment for work performed.

*Doctor* means:

a person who is performing tasks that are within the limits of his or her medical license; and

- is licensed to practice medicine and prescribe and administer drugs or to perform surgery; or

- has a doctoral degree in Psychology (Ph.D. or Psy.D.) whose primary practice is treating patients; or

- is a legally qualified medical practitioner according to the laws and regulations of the governing jurisdiction.

Prudential will not recognize any relative including but not limited to you, your spouse, or a child, brother, sister, or parent of you or your spouse as a doctor for a claim that you send to us.

*Eligible survivor* means your spouse, if living; otherwise, your children under age 25.

*Elimination period* means a period of continuous disability which must be satisfied before you are eligible to receive benefits from Prudential.

EXHIBIT A

**Employee** means a person who is in active employment with the Employer for the minimum hours requirement.

**Employer** means the Contract Holder, and includes any division, subsidiary or affiliate who is reported to Prudential in writing for inclusion under the Group Contract, provided that Prudential has approved such request.

**Employment waiting period** means the continuous period of time that you must be in a covered class before you are eligible for coverage under a plan. The period must be agreed upon by the Employer and Prudential.

**Evidence of Insurability** means a statement of your medical history which Prudential will use to determine if you are approved for coverage. Evidence of Insurability will be provided at your own expense.

**Gainful occupation** for Option 1 or Option 2 means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 50% of your indexed monthly earnings within 12 months of your return to work. But, if you enrolled for Option 3, it means an occupation, including self employment, that is or can be expected to provide you with an income equal to at least 60% of your indexed monthly earnings within 12 months of your return to work.

**Gross disability payment** means the benefit amount before Prudential subtracts deductible sources of income and disability earnings.

**Hospital or Institution** means an accredited facility licensed to provide care and treatment for the condition causing your disability.

**Indexed monthly earnings** means your monthly earnings as adjusted on each July 1 provided you were disabled for all of the 12 months before that date. Your monthly earnings will be adjusted on that date by the lesser of 10% or the current annual percentage increase in the Consumer Price Index. Your indexed monthly earnings may increase or remain the same, but will never decrease.

The Consumer Price Index (CPI-W) is published by the U.S. Department of Labor. Prudential reserves the right to use some other similar measurement if the Department of Labor changes or stops publishing the CPI-W.

Indexing is only used to determine your percentage of lost earnings while you are disabled and working.

**Injury** means a bodily injury that is the direct result of an accident and not related to any other cause. Injury which occurs before you are covered under the plan will be treated as a sickness. Disability must begin while you are covered under the plan.

**Insured** means any person covered under a coverage.

**Law, plan or act** means the original enactment of the law, plan or act and all amendments.

**Layoff or leave of absence** means you are temporarily absent from active employment for a period of time that has been agreed to in advance in writing by your Employer, other than for reasons in connection with any severance or termination agreement. Your normal vacation time, any period of disability or FMLA leave is not considered a temporary layoff.

**Material and substantial duties** means duties that:

- are normally required for the performance of your regular occupation; and
- cannot be reasonably omitted or modified, except that if you are required to work on average in excess of 40 hours per week, Prudential will consider you able to perform that requirement if you are working or have the capacity to work 40 hours per week.

**Maximum period of payment** means the longest period of time Prudential will make payments to you for any one disability.

**Mental illness** means a psychiatric or psychological condition regardless of cause. Mental illness includes but is not limited to schizophrenia, depression, manic depressive, or bipolar illness, anxiety, somatization, substance related disorders, and/or adjustment disorders or other conditions. These conditions are usually treated by a mental health provider or other qualified provider using psychotherapy, psychotropic drugs, or other similar methods of treatment as standardly accepted in the practice of medicine.

**Monthly benefit** means the total benefit amount for which an employee is insured under this plan subject to the maximum benefit.

**Monthly earnings** means your gross monthly income from your Employer as defined in the plan.

**Monthly payment** means your payment after any deductible sources of income have been subtracted from your gross disability payment.

**Part-time basis (LTD)** means the ability to work and earn 20% or more of your indexed monthly earnings.

**Payable claim** means a claim for which Prudential is liable under the terms of the Group Contract.

**Plan** means a line of coverage under the Group Contract.

**Pre-existing condition** means:

a condition for which you received medical treatment, consultation, care or services including diagnostic measures, took prescribed drugs or medicines or followed treatment recommendation for your condition during the given period of time as stated in the plan; or

you had symptoms for which an ordinarily prudent person would have consulted a health care provider during the given period of time as stated in the plan.

**Qualified rehabilitation specialist** means a person capable of developing and implementing a vocational rehabilitation plan and whose experience and regular duties involve the evaluation, counseling, or placement of disabled persons. This may include persons who are Certified Rehabilitation Counselors (CRC) as defined by the national Commission on Rehabilitation Counselor Certification (CRCC).

**Recurrent disability** means a disability which is:

- caused by a worsening in your condition; and
- due to the same cause(s) as your prior disability for which Prudential made a Long Term Disability payment.

EXHIBIT A

*Regular care* means:

- you personally visit a doctor as frequently as is medically required, according to generally accepted medical standards, to effectively manage and treat your disabling condition(s); and

- you are receiving appropriate treatment and care, which conforms with generally accepted medical standards, for your disabling condition(s) by a doctor whose specialty or experience is the most appropriate for your disabling condition(s), according to generally accepted medical standards.

*Regular occupation* means the occupation you are routinely performing when your disability occurs. Prudential will look at your occupation as it is normally performed instead of how the work tasks are performed for a specific employer or at a specific location.

*Retirement plan* means a defined contribution plan or defined benefit plan. These are plans which provide retirement benefits to employees and are not funded entirely by employee contributions.

*Sickness* means any disorder of your body or mind, but not an Injury; pregnancy including abortion, miscarriage or childbirth. Disability must begin while you are covered under the plan.

*We, us, and our* means The Prudential Insurance Company of America.

*You* means a person who is eligible for Prudential coverage.

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/28/2008
CT Log Number 513360942



**TO:**     Christine Gillen
The Prudential Insurance Company of America
Legal Department, 751 Broad St, 4th Floor
Newark, NJ 07102

**RE:**     **Process Served in California**

**FOR:**    The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gloria J. Saunders, Pltf. vs. The Pudential Insurance Company of America, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notice, Proof of Service |
| **COURT/AGENCY:** | Humboldt County, Eureka. Superior Court, CA<br>Case # DR080244 |
| **NATURE OF ACTION:** | Plaintiff's notice of firm name change |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 04/28/2008 postmarked on 04/22/2008 |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | Frank N. Darras<br>Shernoff Bidart & Darras, LLP<br>3257 East Guasti Road, Suite 300<br>Ontario, CA 91761<br>(909) 390-3770 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790993790739<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

**DOCKET HISTORY:**

| DOCUMENT(S) SERVED: | DATE AND HOUR OF SERVICE: | TO: | CT LOG NUMBER: |
|---|---|---|---|
| Summons, Complaint, Exhibit | By Process Server on 04/02/2008 at 14:55 | Christine Gillen<br>The Prudential Insurance<br>Company of America | 513271318 |

Page 1 of  t / JC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

1   FRANK N. DARRAS #128904
    SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
2   3257 East Guasti Road, Suite 300
3   Ontario, CA 91761
    Telephone:   (909) 390-3770
4   Facsimile:   (909) 974-2121

5   Attorneys for Plaintiff

6

7              SUPERIOR COURT FOR THE STATE OF CALIFORNIA

8                    FOR THE COUNTY OF HUMBOLDT

9   GLORIA J. SAUNDERS,                    Case No.: DR080244

10              Plaintiff,

11        vs.                              PLAINTIFF'S NOTICE OF FIRM NAME
                                           CHANGE
12
    THE PRUDENTIAL INSURANCE
13  COMPANY OF AMERICA; and DOES 1
    through 10, inclusive,
14
15              Defendants.
16
17
18  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

19        PLEASE TAKE NOTICE that effective immediately, the firm name of

20  SHERNOFF, BIDART & DARRAS, LLP is being changed to SHERNOFF BIDART

21  DARRAS ECHEVERRIA, LLP.  The address, telephone and fax numbers remain the

22  same.

23

24  Dated: April 21, 2008           SHERNOFF BIDART DARRAS
                                     ECHEVERRIA, LLP
25

26

27                                   FRANK N. DARRAS
                                     Attorneys for Plaintiff
28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

Saunders v. Prudential
Case No: DR080244

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO

I am employed in the county of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3257 East Guasti Road, Suite 300, Ontario, California 91761.

On **April 22, 2008**, I served the foregoing document described as:

PLAINTIFF'S NOTICE OF FIRM NAME CHANGE

on all interested parties in this action by placing [ ] the original [ x ]a true copy thereof enclosed in sealed envelopes addressed as follows:

**Defendant: THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**
**c/o Agent for Service: CT Corporation**
**818 W. Seventh Street, Suite 200-B**
**Los Angeles, CA 90017**

[ x ]BY MAIL
      I caused such envelope to be deposited in the mail at Ontario, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ]BY PERSONAL SERVICE
      I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ]BY OVERNIGHT MAIL/COURIER
      To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ]BY FACSIMILE ("FAX")
      In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **April 22, 2008**, at Ontario, California.

Catherine Carvalho

**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
04/30/2008
CT Log Number 513374040

TO:    Christine Gillen
       The Prudential Insurance Company of America
       Legal Department, 751 Broad St, 4th Floor
       Newark, NJ 07102

RE:    **Process Served in California**

FOR:   The Prudential Insurance Company of America (Domestic State: NJ)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Gloria J. Saunders, Pltf. vs. The Pudential Insurance Company of America, et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Notices, Proof of Service |
| **COURT/AGENCY:** | Humboldt County, Eureka, Superior Court, CA<br>Case # DR080244 |
| **NATURE OF ACTION:** | Plaintiff's notice of inclusion in delay reduction program and case management conference |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Regular Mail on 04/30/2008 postmarked on 04/24/2008 |
| **APPEARANCE OR ANSWER DUE:** | May 23, 2008 at 8:30 a.m. |
| **ATTORNEY(S) / SENDER(S):** | Frank N. Darras<br>Shernoff Bidart & Darras Echeverria, LLP<br>3257 East Guasti Road, Suite 300<br>Ontario, CA 91761<br>(909) 390-3770 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex Standard Overnight , 798431292299<br>Email Notification, Legal Process Unit legal.process.unit@prudential.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Nancy Flores |
| **ADDRESS:** | 818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

**DOCKET HISTORY:**

| **DOCUMENT(S) SERVED:** | **DATE AND HOUR OF SERVICE:** | **TO:** | **CT LOG NUMBER:** |
|---|---|---|---|
| Summons, Complaint, Exhibit | By Process Server on 04/02/2008 at 14:55 | Christine Gillen<br>The Prudential Insurance Company of America | 513271318 |
| Notice, Proof of Service | By Regular Mail on 04/28/2008 postmarked on 04/22/2008 | Christine Gillen<br>The Prudential Insurance Company of America | 513360942 |

RECEIVED
MAY 01 2008
R. Rivera
Law Dept.

Page 1 of  1 / JC

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

1  FRANK N. DARRAS #128904
   SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
2  3257 East Guasti Road, Suite 300
3  Ontario, CA 91761
   Telephone:  (909) 390-3770
4  Facsimile:   (909) 974-2121
   Attorneys for Plaintiff
5

6           SUPERIOR COURT FOR THE STATE OF CALIFORNIA

7                 FOR THE COUNTY OF HUMBOLDT

8  GLORIA J. SAUNDERS,                    Case No.: DR080244
9            Plaintiff,                   PLAINTIFF'S NOTICE OF INCLUSION
10                                         IN DELAY REDUCTION PROGRAM
     vs.                                   AND CASE MANAGEMENT
11                                         CONFERENCE
   THE PRUDENTIAL INSURANCE
12  COMPANY OF AMERICA; and DOES 1
13  through 10, inclusive,
14           Defendants.
15

16  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

17        PLEASE TAKE NOTICE that the above-entitled Court has included this action in

18  the Delay Reduction Program of County of Humboldt as well as set a Case

19  Management Conference for May 23, 2008, at 8:30 AM, in Department 4 of the above-

20  entitled Court located at 825 Fifth Street, Eureka, CA 95501.

21        All parties are required to file a Case Management Statement at least fifteen (15)

22  calendar days prior to May 23, 2008.  Counsel for Plaintiff is directed to give Notice of

23  Case Management Conference to all other interested Parties.  A copy of the Court's

24  Notice is attached hereto.

25  Dated: April 24, 2008        SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
26

27                               _____
28                               FRANK N. DARRAS
                                 Attorneys for Plaintiff

                               - 1 -



**FILED**

APR 2 2 2008    ~~Kirby~~

SUPERIOR COURT OF CALIFORNIA
COUNTY OF HUMBOLDT

Attorney or Party without attorney, (Name, state bar number and address):
Frank N. Darras #128904
SHERNOFF BIDART & DARRAS, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761

Telephone No.:  (909) 390-3770

Attorney for (Name):  Plaintiff, GLORIA J. SAUNDERS

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF HUMBOLDT

| | |
|---|---|
| GLORIA J. SAUNDERS, | NO.  DR080244 |
| vs. | NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM |
| THE PRUDENTIAL INSURANCE | |
| COMPANY OF AMERICA, et al. | NOTICE OF CASE MANAGEMENT CONFERENCE |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that the above-entitled action has been included in the Delay Reduction Program of the County of Humboldt.  You are required to comply with the guidelines for program cases as set forth in California Rules of Court, Title 2, Division 1., Chapters 1 through 4, and Humboldt County Local Rules, 5.1 through 5.8.

You are further advised that a CASE MANAGEMENT CONFERENCE in the above action has been scheduled for _May 23_ 20 _08_ , at _8-30_ M. in Department # _4_ of the Humboldt Superior Court. Initial CASE MANAGEMENT STATEMENT on Judicial Council form CM- 110 shall be filed with the court and exchanged among the parties no later than 15 days before the Case Management Conference.


DATED:    APR 2 2 2008    DWIGHT CLARK, CLERK

By _____ ~~Kirby~~ , Deputy



American LegalNet, Inc.
www.USCourtForms.com

Saunders v. Prudential
Case No: DR080244

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

I am employed in the county of San Bernardino, State of California. I am over the age of 18 and not a party to the within action; my business address is: 3257 East Guasti Road, Suite 300, Ontario, California 91761.

On **April 24, 2008**, I served the foregoing document described as:

PLAINTIFF'S NOTICE OF INCLUSION IN DELAY REDUCTION PROGRAM AND CASE MANAGEMENT

on all interested parties in this action by placing [ ] the original [ x ]a true copy thereof enclosed in sealed envelopes addressed as follows:

Defendant: **THE PRUDENTIAL INSURANCE COMPANY OF AMERICA**
**c/o Agent for Service: CT Corporation**
**818 W. Seventh Street, Suite 200-B**
**Los Angeles, CA 90017**

[ x ]BY MAIL
I caused such envelope to be deposited in the mail at Ontario, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[ ]BY PERSONAL SERVICE
I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[ ]BY OVERNIGHT MAIL/COURIER
To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[ ]BY FACSIMILE ("FAX")
In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **April 24, 2008**, at Ontario, California.

Catherine Carvalho

1

## PROOF OF SERVICE

2     I am a resident of the State of California and over the age of eighteen years and not a party
to the within-entitled action; my business address is One Market, Spear Street Tower, San
3     Francisco, California 94105-1126.

4     On May 2, 2008, I served the within document(s):

5     **NOTICE OF REMOVAL OF ACTION TO THE U.S.**
      **DISTRICT COURT IN AND FOR THE NORTHERN**
6     **DISTRICT OF CALIFORNIA (28 U.S.C. §§ 1332, 1441(b) and**
      **1446) (DIVERSITY) AND CERTIFICATION OF**
7     **INTERESTED ENTITIES OR PERSONS AND DISCLOSURE**
      **STATEMENT BY DEFENDANT THE PRUDENTIAL**
8     **INSURANCE COMPANY OF AMERICA (L.R. 3-16; F.R.C.P.**
      **7.1)**
9

10    ☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set
           forth below on this date before 5:00 p.m.
11

12    ☒    by placing the document(s) listed above in a sealed envelope with postage thereon
           fully prepaid, in the United States mail at San Francisco, California addressed as
13         set forth below.

14
      ☐    by placing the document(s) listed above in a sealed Federal Express envelope and
15         affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal
           Express agent for delivery.
16

17    ☐    by causing the document(s) listed above to be personally delivered at to the
           person(s) at the address(es) set forth below.
18

19    ☐    by transmitting via electronic mail the document(s) listed above to each of the
           person(s) as set forth below.
20

21
      Frank N. Darras, Esq.
22    Shernoff Bidart Darras Echeverria, LLP
      3257 East Guasti Road, Suite 300
23    Ontario, CA 91761
      P: 909.390.3770
24    F: 909.974.2121

25    I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
26    day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
27    meter date is more than one day after date of deposit for mailing in affidavit.

28    Executed on May 2, 2008, at San Francisco, California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1-SF/7699193.1

PROOF OF SERVICE

1    I declare under penalty of perjury that I am employed in the office of a member of the bar

2 of this court at whose direction the service was made, and that the foregoing is true and correct.

3

4    _Constance J. Ericson_

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1-SF/7699193.1

0

# PROOF OF SERVICE

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 2, 2008, I served the within document(s):

**NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA (28 U.S.C. §§ 1332, 1441(b) and 1446) (DIVERSITY) AND CERTIFICATION OF INTERESTED ENTITIES OR PERSONS AND DISCLOSURE STATEMENT BY DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF AMERICA (L.R. 3-16; F.R.C.P. 7.1)**

☐　　by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐　　by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐　　by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐　　by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐　　by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

☒　　I caused the envelope(s) with the document(s) listed above to be delivered by hand, by **Specialized Legal Services**, to the addressee(s) noted below

Frank N. Darras, Esq.
Shernoff Bidart Darras Echeverria, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
P: 909.390.3770
F: 909.974.2121

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1-SF/7699193.1

1    motion of the party served, service is presumed invalid if postal cancellation date or postage
2    meter date is more than one day after date of deposit for mailing in affidavit.

3        Executed on May 2, 2008, at San Francisco, California.

        I declare under penalty of perjury that I am employed in the office of a member of the bar
4    of this court at whose direction the service was made, and that the foregoing is true and correct.

5

6                                    _____
7                                         Constance J. Ericson

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

I am a resident of the State of California and over the age of eighteen years and not a party to the within-entitled action; my business address is One Market, Spear Street Tower, San Francisco, California 94105-1126.

On May 2, 2008, I served the within document(s):

**NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

☐    by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒    by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐    by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐    by causing the document(s) listed above to be personally delivered at to the person(s) at the address(es) set forth below.

☐    by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

☒    I caused the envelope(s) with the document(s) listed above to be delivered by hand, by **Specialized Legal Services**, to the addressee(s) noted below

Frank N. Darras, Esq.
Shernoff Bidart Darras Echeverria, LLP
3257 East Guasti Road, Suite 300
Ontario, CA  91761
P:  909.390.3770
F:  909.974.2121

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 2, 2008, at San Francisco, California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1-SF/7699213.1

1

I declare under penalty of perjury that I am employed in the office of a member of the bar

2

of this court at whose direction the service was made, and that the foregoing is true and correct.

3

4

Constance J. Ericson

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
PHILADELPHIA

1  DIANE L. WEBB, SBN 197851
   MORGAN, LEWIS & BOCKIUS LLP
2  One Market, Spear Street Tower
   San Francisco, CA  94105-1126
3  Tel:  415.442.1000
   Fax:  415.442.1001
4  e-mail: dwebb@morganlewis.com

5  Attorneys for Defendant THE PRUDENTIAL
   INSURANCE COMPANY OF AMERICA

6

7

8                UNITED STATES DISTRICT COURT

9       IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10

11  GLORIA J. SAUNDERS,                    Case No. CV 08 2285 (JCS)

12            Plaintiff,                   **CERTIFICATE OF SERVICE OF NOTICE
                                           OF FILING OF NOTICE OF REMOVAL
13       v.                                OF ACTION TO THE UNITED STATES ·
                                           DISTRICT COURT FOR THE
14  THE PRUDENTIAL INSURANCE               NORTHERN DISTRICT OF CALIFORNIA**
    COMPANY OF AMERICA, a New Jersey
15  Corporation, and, DOES 1 through 10,
    inclusive,
16
              Defendants.
17

18

19          I am a resident of the State of California and over the age of eighteen years and not
20  a party to the within-entitled action; my business address is One Market, Spear Street Tower, San
    Francisco, California  94105-1126.

21          On May 2, 2008, I served the following document(s):

22

23  **NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT
    IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA (28 U.S.C.
    §§ 1332, 1441(b) and 1446) (DIVERSITY) AND CERTIFICATION OF
24  INTERESTED ENTITIES OR PERSONS AND DISCLOSURE
    STATEMENT BY DEFENDANT THE PRUDENTIAL INSURANCE
25  COMPANY OF AMERICA (L.R. 3-16; F.R.C.P. 7.1)**

26  **NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE
    UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT
27  OF CALIFORNIA** (a copy of which is attached to this Certificate)

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR DEADLINES**

**ECF REGISTRATION INFORMATION HANDOUT**

**NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES MAGISTRATE JUDGE FOR TRIAL**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐     by transmitting via electronic mail the document(s) listed above to each of the person(s) as set forth below.

☒     by causing the envelope(s) with the document(s) listed above to be delivered by hand, by **Specialized Legal Services**, to the addressee(s) noted below

Frank N. Darras, Esq.
Shernoff Bidart Darras Echeverria, LLP
3257 East Guasti Road, Suite 300
Ontario, CA 91761
P: 909.390.3770
F: 909.974.2121

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on May 5, 2008, at San Francisco, California.

I declare under penalty of perjury that I am employed in the office of a member of the bar of this court at whose direction the service was made, and that the foregoing is true and correct.

_Ericson_
Constance J. Ericson

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7699615.1

2

CERTIFICATE OF SERVICE OF NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT COURT
Case No. CV 08 2285 (JCS)

DIANE L. WEBB (SBN 197851)
MORGAN, LEWIS & BOCKIUS LLP
1 Market, Spear Street Tower, 28th Floor
San Francisco, CA 94105
Telephone: (415) 442-1000
Attorney for: Defendant

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

Plaintiff: GLORIA J. SAUNDERS
Defendant: THE PRUDENTIAL INSURANCE COMPANY OF AMERICA etc., et al.

Ref#: 235457    *    **PROOF OF SERVICE**    *    Case No.: CV 08 2285 JCS

At the time of service I was at least eighteen years of age and not a party to
this action and I served copies of the:

NOTICE OF REMOVAL OF ACTION TO THE U.S. DISTRICT COURT IN AND FOR THE NORTHERN DISTRICT OF
CALIFORNIA (28 U.S.C. §§ 1332, 1441 (B) AND 1446) (DIVERSITY) AND CERTIFICATION OF INTERESTED
ENTITIES OR PERSONS AND DISCLOSURE STATEMENT BY DEFENDANT THE PRUDENTIAL INSURANCE COMPANY OF
AMERICA (L.R. 3-16); F.R.C.P. 7.1); NOTICE OF ASSIGNMENT OF CASE TO A UNITED STATES
MAGISTRATE JUDGE FOR TRIAL; ORDER SETTING INITIAL CASE MANAGEMENT CONFERENCE AND ADR
DEADLINES; NOTICE OF FILING OF NOTICE OF REMOVAL OF ACTION TO THE UNITED STATES DISTRICT
COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA; U.S. DISTRICT COURT NORTHERN CALIFORNIA ECF
REGISTRATION INFORMATION HANDOUT

in the within action by personally delivering true copies thereof to the
person named below, as follows:

    Party served    : FRANK N. DARRAS, ESQ.

    By serving      : Joanne Shimizu, Person Apparently in Charge of
                      Business at Time of Service

    Address         : Shernoff Bidart Darras Echeverria
                      3257 East Guasti Road #300
                      Ontario, CA 91761

    Date of Service: May 2, 2008

    Time of Service: 4:50 PM

Person who served papers:
FRANCISCO MASCORRO                       Fee for service: $345.00
SPECIALIZED LEGAL SERVICES, INC.         Registered California process server.
1112 Bryant Street, Suite 200            (i) Employee or Independent Contractor
San Francisco, CA 94103                  (ii) Registration no.:
Telephone: (415) 357-0500                (iii) County:

I declare under penalty of perjury under the laws of the United States of
America that the foregoing is true and correct.

Date: May 5, 2008                        Signature _____