1   DIANE L. WEBB, SBN 197851
    MORGAN, LEWIS & BOCKIUS LLP
2   One Market, Spear Street Tower
    San Francisco, CA  94105-1126
3   Tel:  415.442.1000
    Fax:  415.442.1001
4   e-mail: dwebb@morganlewis.com
    Attorneys for Defendant THE PRUDENTIAL
5   INSURANCE COMPANY OF AMERICA

6

7

8                   UNITED STATES DISTRICT COURT

9         IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

10  GLORIA J. SAUNDERS,                    Case No. C-08-02285 SI

11              Plaintiff,                 DEFENDANT THE PRUDENTIAL
                                           INSURANCE COMPANY OF
12          v.                             AMERICA'S ANSWER TO
                                           PLAINTIFF'S CLAIM FOR DAMAGES
13  THE PRUDENTIAL INSURANCE               (COMPLAINT)
    COMPANY OF AMERICA, a New Jersey
14  Corporation, and, DOES 1 through 10,   Complaint Filed:    December 14, 2007
    inclusive,                             Trial Date:         Not Yet Set
15
                Defendants.
16

17

18          Defendant The Prudential Insurance Company of America ("Prudential" or "Defendant"),

19  by and through its undersigned counsel, hereby answers plaintiff Gloria J. Saunders's ("Plaintiff")

20  claim for damages (the "Complaint") in the above-referenced matter as follows:

21                          **GENERAL ALLEGATIONS**

22                              **Introduction**

23          1.      Prudential lacks knowledge or information sufficient to form a belief as to the truth

24  of the allegations contained within paragraph 1 of the Complaint and, accordingly, denies them.

25          2.      The allegations contained within paragraph 2 of the Complaint constitute legal

26  conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

27          3.      The allegations contained within paragraph 3 of the Complaint constitute legal

28  conclusions, not facts, and, therefore Prudential can neither admit nor deny them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**Factual Allegations**

4.    The allegations contained within paragraph 4 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

5.    Prudential admits the allegations contained within paragraph 5 of the Complaint.

6.    The allegations contained within paragraph 6 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

7.    The allegations contained within paragraph 7 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

8.    Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained within accompanying footnote 1 of the Complaint.  The allegations contained within paragraph 8 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  The document attached as Exhibit A to the Complaint speaks for itself.[1]  Prudential denies that it violated any of Plaintiff's legal rights.

9.    The allegations contained within paragraph 9 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Exhibit A speaks for itself.[2]  Prudential denies that it has violated any of Plaintiff's legal rights.  Additionally, the allegation contained within accompanying footnote 2 of the Complaint constitutes a legal conclusion, not fact, and, therefore, Prudential can neither admit nor deny it.

10.    The allegations contained within paragraph 10 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

11.    Prudential lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained within paragraph 11 of the Complaint that Plaintiff was treated by Allison Burton, MD, and accordingly, denies it.  The remaining allegations contained within

---

[1]    The policy attached as Exhibit A to the Complaint is the incorrect certificate of coverage for the time period in dispute.  Prudential's Answer in no way constitutes admission that Exhibit A is the correct certificate of coverage.  Rather, Prudential denies that Exhibit A is the correct certificate and asserts that the policy with the program date of January 1, 2005 – as amended January 1, 2006 – is controlling.

[2]    As explained in note 1, Prudential specifically denies that the policy provisions quoted on pages 3-4 of the Complaint are taken from the applicable certificate of coverage.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -

1-SF/7697027.1

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

1    paragraph 11 constitute legal conclusions, not facts, and, therefore, Prudential can neither admit

2    nor deny them.  The document referenced in paragraph 11 speaks for itself.

3           12.    The allegations contained within paragraph 12 of the Complaint constitute legal

4    conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  The document

5    referenced in paragraph 12 speaks for itself.

6           13.    Prudential admits that it wrote to Plaintiff on or about November 13, 2006.

7    However, the remaining allegations contained within paragraph 13 of the Complaint and

8    accompanying footnote 3 constitute legal conclusions, not facts, and, therefore, Prudential can

9    neither admit nor deny them.

10          14.    The allegations contained within paragraph 14 of the Complaint and

11   accompanying footnotes 4-7 constitute legal conclusions, not facts, and, therefore, Prudential can

12   neither admit nor deny them.  The document referenced in paragraph 14 speaks for itself.

13          15.    Prudential lacks knowledge or information sufficient to form a belief as to the truth

14   of the allegations contained within paragraph 15 of the Complaint and, accordingly, denies them.

15          16.    Prudential admits that it wrote to plaintiff on or about December 26, 2006.  The

16   remaining allegations contained within paragraph 16 of the Complaint constitute legal

17   conclusions, not facts, and, accordingly, Prudential can neither admit nor deny them.  The

18   document referenced in paragraph 16 speaks for itself.  Prudential denies that it violated any of

19   Plaintiff's legal rights.

20          17.    Prudential lacks knowledge or information sufficient to form a belief as to the truth

21   of the allegations contained within paragraph 17 of the Complaint regarding whether Dr. Chen

22   wrote a letter on March 6, 2007 and, accordingly, denies them.  The remaining allegations

23   contained within paragraph 17 constitute legal conclusions, not facts, and, therefore, Prudential

24   can neither admit nor deny them.  The document referenced in paragraph 17 speaks for itself.

25          18.    Prudential admits that on or about March 12, 2007, Plaintiff contested Prudential's

26   determination.  The remaining allegations contained with paragraph 18 of the Complaint and

27   accompanying footnote 8 constitute legal conclusions, not facts, and, therefore, Prudential can

28   neither admit nor deny them.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

19.     The remaining allegations contained within paragraph 19 of the Complaint and accompanying footnotes 9 and 10 constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them, except Prudential admits that it caused an independent claims file review, which was completed by MLS National Evaluation Services, Inc. Prudential specifically denies that MLS financial success was or is in anyway dependent on Prudential.

20.     Prudential admits that it wrote to Plaintiff on or about May 23, 2007.  The remaining allegations contained within paragraph 20 of the Complaint and accompanying footnote 12 constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them. With regard to footnote 11, Prudential admits that it caused an independent claims file review, which was completed by Dr. Andrea Wagner.  Prudential specifically denies that Dr. Wagner's financial success was or is in anyway dependent on Prudential.  Exhibit A speaks for itself.  Prudential denies that it has violated any of Plaintiff's legal rights.

21.     The allegations contained within paragraph 21 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

22.     The allegations contained within paragraph 22 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.

## FIRST CAUSE OF ACTION

### (BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING)

23.     In response to paragraph 23 of the Complaint, Prudential incorporates by reference its responses to paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24.     The allegations contained in paragraph 24 of the Complaint and subparagraphs (a)-(h) set forth therein constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential denies that it has violated any of Plaintiff's legal rights.

25.     The allegations contained in paragraph 25 of the Complaint constitute legal conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential denies that it has violated any of Plaintiff's legal rights.

26.     The allegations contained in paragraph 26 of the Complaint constitute legal

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

1    conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

2    denies that it has violated any of Plaintiff's legal rights.

3         27.     The allegations contained in paragraph 27 of the Complaint constitute legal

4    conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

5    denies that it has violated any of Plaintiff's legal rights.

6         28.     The allegations contained in paragraph 28 of the Complaint constitute legal

7    conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

8    denies that it has violated any of Plaintiff's legal rights.

9         29.     The allegations contained in paragraph 29 of the Complaint constitute legal

10   conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

11   denies that it has violated any of Plaintiff's legal rights.

12        30.     The allegations contained in paragraph 30 of the Complaint constitute legal

13   conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

14   denies that it has violated any of Plaintiff's legal rights.

15                              **SECOND CAUSE OF ACTION**

16                               **(BREACH OF CONTRACT)**

17        31.     In response to paragraph 31 of the Complaint, Prudential incorporates by reference

18   its responses to paragraphs 1 through 30 of the Complaint as if fully set forth herein.

19        32.     The allegations contained in paragraph 32 of the Complaint constitute legal

20   conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

21   denies that it has violated any of Plaintiff's legal rights.

22        33.     The allegations contained in paragraph 33 of the Complaint constitute legal

23   conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

24   denies that it has violated any of Plaintiff's legal rights.

25        34.     The allegations contained in paragraph 34 of the Complaint constitute legal

26   conclusions, not facts, and, therefore, Prudential can neither admit nor deny them.  Prudential

27   denies that it has violated any of Plaintiff's legal rights.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

- 5 -

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWER TO PRAYER FOR RELIEF

35.    In response to the Prayer for Relief in the Complaint, Prudential denies that any basis for the relief requested by Plaintiff exists in this case.  Prudential denies that Plaintiff is entitled to any relief.

## GENERAL DENIAL

36.    Prudential denies, generally and specifically, each and every allegation contained in the Complaint, and each cause of action thereof, and further denies that Plaintiff has been damaged in the amount claimed or in any amount whatsoever, and also denies that in answering Prudential is liable for any of the purported causes of action Plaintiff has asserted or otherwise.

## AFFIRMATIVE DEFENSES

37.    Without assuming any burden other than that imposed by operation of law, Prudential asserts the following affirmative defenses to Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

38.    As a First, separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that the causes of action alleged in the Complaint are barred in whole or in part because the Complaint fails to state facts sufficient to state a cause of action against Prudential.

### SECOND AFFIRMATIVE DEFENSE
### (Unclean Hands)

39.    As a Second, separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that the causes of action alleged in the Complaint are barred in whole or in part by the unclean hands of Plaintiff with respect to the matters alleged in the Complaint.

### THIRD AFFIRMATIVE DEFENSE
### (Laches)

40.    As a Third, separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that the causes of

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

- 6 -

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

1    action alleged in the Complaint are barred in whole or in part by the doctrine of laches.

2                          **FOURTH AFFIRMATIVE DEFENSE**
                                      **(Waiver)**
3

4        41.    As a Fourth, separate and distinct affirmative defense to the Complaint and to each

5    and every cause of action or allegation therein, Prudential asserts that by reason of Plaintiff's acts,

6    conduct, and omissions, Plaintiff has knowingly and voluntarily waived any purported causes of

7    action that she may have had against Prudential, if any.

8                            **FIFTH AFFIRMATIVE DEFENSE**
                                     **(Estoppel)**
9

10       42.    As a Fifth, separate and distinct affirmative defense to the Complaint and to each

11   and every cause of action or allegation therein, Prudential asserts that by virtue of Plaintiff's acts,

12   conduct, and omissions, Plaintiff is estopped from asserting that she is entitled to any recovery

13   with respect to any of the purported causes of action alleged in the Complaint.

14                          **SIXTH AFFIRMATIVE DEFENSE**
                                     **(Excuse)**
15

16       43.    As a Sixth, separate and distinct affirmative defense to the Complaint and to each

17   and every purported cause of action or allegation therein, Prudential asserts that the causes of

18   action alleged in the Complaint are barred in whole or in part by Plaintiff's breaches of the

19   alleged contract between Plaintiff and Prudential, and further performance by Prudential was

20   therefore excused.

21                         **SEVENTH AFFIRMATIVE DEFENSE**
                             **(Full Performance of Obligations)**
22

23       44.    As a Seventh, separate and distinct affirmative defense to the Complaint and to

24   each and every cause of action or allegation therein, Prudential asserts that the causes of action

25   alleged in the Complaint are barred in whole or in part because Prudential duly performed,

26   satisfied and discharged all duties and obligations it may have owed to Plaintiff arising out of the

27   alleged contract between Plaintiff and Prudential, except those that have been excused.

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

                                    - 7 -

                                          CASE NO. C-08-02288 SI
                                          DEFENDANT PRUDENTIAL'S ANSWER
                                          TO PLAINTIFF'S CLAIM FOR DAMAGES)

### EIGHTH AFFIRMATIVE DEFENSE
#### (Consent)

45.    As an Eighth, separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that the causes of actions alleged in the Complaint are barred in whole or in part because Plaintiff acquiesced in, ratified, participated in, and/or consented to each of the alleged acts and/or omissions about which Plaintiff complains in the Complaint.

### NINTH AFFIRMATIVE DEFENSE
#### (Failure of Consideration)

46.    As a Ninth, separate and distinct affirmative defense to the entire Complaint and to each and every cause of action therein, Prudential asserts that the causes of action alleged in the Complaint are barred in whole or in part by the failure of consideration promised by Plaintiff.

### TENTH AFFIRMATIVE DEFENSE
#### (Failure to Mitigate)

47.    As a Tenth, separate and distinct affirmative defense to the Complaint and to each and every cause of action or allegation therein, Prudential asserts that the causes of action alleged in the Complaint are barred in whole or in part because Plaintiff failed and neglected to exercise reasonable care and diligence to minimize and mitigate the alleged damages claimed.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Operation of Law)

48.    As an Eleventh, separate and distinct affirmative defense to the Complaint and each and every purported cause of action and allegation asserted therein, Prudential asserts that the causes of action alleged in the Complaint are barred by operation of law.

### TWELFTH AFFIRMATIVE DEFENSE
#### (Unjust Enrichment)

49.    As a Twelfth, separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that the causes of action alleged in the Complaint are barred in whole, or in part, because Plaintiff would be

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

unjustly enriched if she is allowed to recover any of the relief sought in the Complaint.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Discharge)

50.     As a Thirteenth separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that the causes of action alleged in the Complaint are barred in whole, or in part, because any obligation or obligations of Prudential to Plaintiff was/were discharged.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Unreasonable Damages)

51.     As a Fourteenth separate and distinct affirmative defense to the Complaint and to each and every cause of action or allegation set forth therein, Prudential alleges that the damages and amounts that Plaintiff is seeking are unreasonable, unconscionable, grossly oppressive and/or contrary to substantial justice in violation of California Civil Code § 3359 and the Constitution of the United States.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Express Terms of the Contracts)

52.     As a Fifteenth separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that each and every cause of action or allegation asserted in the Complaint is barred by the express terms of the contracts that Plaintiff put at issue in this action and/or the applicable contractual limitations periods.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Justification, Privilege, and/or Immunity)

53.     As a Sixteenth separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential asserts that its actions respecting the subject matters in the Complaint were undertaken in good faith and justified by legitimate business motives, purposes and reasons with the absence of malicious intent to injure Plaintiff and constitute lawful, proper and justified activities.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -

1-SF/7697027.1

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Loss or Damages)

54.     As a Seventeenth separate affirmative defense to the Complaint and each and every purported cause of action or allegation therein, Prudential asserts that Plaintiff's causes of action are barred because Plaintiff suffered no loss or damages as alleged therein.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations/Extinguishment)

55.     As an Eighteenth separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential assets that the causes of action asserted in the Complaint are barred by the applicable statutes of limitations or otherwise extinguished pursuant to relevant statutes and/or agreements of the parties.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Failure of a Condition Precedent)

56.     As a Nineteenth separate and distinct affirmative defense to the Complaint and to each and every purported cause of action or allegation therein, Prudential alleges that Plaintiff's causes of action are barred in part or in whole due to the failure of a condition precedent.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Reduction in Loss or Liability)

57.     As a Twentieth separate and distinct, affirmative defense to the Complaint and to each and every purported cause of action therein, Prudential asserts that any damage, loss, or liability sustained by Plaintiff must be reduced, diminished and/or eliminated in proportion to the proportion to the wrongful or negligent conduct of persons and/or entities other than Prudential, under principles of equitable allocation, indemnity, and imputation.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to State Facts for Attorneys' Fees Claim)

58.     As a Twenty-First separate and distinct affirmative defense to the Complaint and to each and every purported cause of action therein, Prudential asserts that the Complaint fails to state facts sufficient to support an award of attorneys' fees to Plaintiff.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

- 10 -

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

1

2

### TWENTY-SECOND AFFIRMATIVE DEFENSE
**(Comparative Fault of Plaintiff)**

3

59.     As a Twenty-second separate and distinct affirmative defense to the Complaint and

4

to each and every purported cause of action therein, Prudential asserts that Plaintiff was at fault in

5

causing the purported damages alleged in the Complaint and this fault proximately and

6

concurrently caused and contributed to said damages.  This fault bars Plaintiff's action or, in the

7

alternative, reduces her right of recovery by the amount that Plaintiff's fault contributed to

8

Plaintiff's alleged damages.

9

### TWENTY-THIRD AFFIRMATIVE DEFENSE
**(Comparative Fault of Third Parties)**

10

11

60.     As a Twenty-third separate and distinct affirmative defense to the Complaint and

12

to each and every purported cause of action therein, Prudential asserts that the damages alleged

13

by Plaintiff in the Complaint, if any, were proximately caused or contributed to, in whole or in

14

part, by the fault of persons and entities other than Prudential, and for which Prudential is not

15

responsible.  This fault bars Plaintiff's action or, in the alternative, reduces Plaintiff's right of

16

recovery by the amount that the fault of such other persons and entities contributed to Plaintiff's

17

alleged damages.

18

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
**(Ratification)**

19

20

61.     As a Twenty-fourth separate and distinct affirmative defense to the Complaint and

21

to each and every purported cause of action therein, Prudential asserts that each and every cause

22

of action in the Complaint is barred, in whole or in part, by Plaintiff's ratification of the

23

representations, acts and/or omissions alleged in the Complaint to have caused Plaintiff's alleged

24

damages.

25

///

26

///

27

///

28

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1-SF/7697027.1

- 11 -

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

1

2

## TWENTY-FIFTH AFFIRMATIVE DEFENSE
### (Fraud)

3

4

5

62.    As a Twenty-fifth separate and distinct affirmative defense to the Complaint and to each and every purported cause of action therein, Prudential asserts that Plaintiff's Complaint is barred in whole or in part by reason of Plaintiff's fraud.

6

7

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Lack of Causation)

8

9

10

11

63.    As a Twenty-sixth separate and distinct affirmative defense to the Complaint and to each and every cause of action or allegation therein, Prudential asserts that Plaintiff's Complaint is barred in whole or in part because the alleged damage to Plaintiff was not proximately caused by the alleged wrongful acts of Prudential.

12

13

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reservation of Defenses)

14

15

16

17

18

19

64.    As a Twenty-seventh separate and distinct affirmative defense to the Complaint and each and every purported cause of action or allegations therein, Prudential asserts that it presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, separate and additional affirmative defenses available. As such, Prudential hereby reserves the right to assert additional defenses in the event discovery reveals facts which render such defenses appropriate.

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

Morgan, Lewis &
Bockius LLP
Attorneys At Law
San Francisco

1-SF/7697027.1

- 12 -

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)

1

**PRAYER**

2      WHEREFORE, Prudential prays for judgment as follows:

3      1.      That Plaintiff take nothing by her Complaint;

4      2.      That judgment be entered in favor of Prudential.

5      3.      For costs of suit and attorneys' fees where appropriate; and

6      4.      For such other and further relief as the court deems just end proper.

7

Dated:  May 23, 2008                          MORGAN, LEWIS & BOCKIUS LLP

8

9                                        _____/S/_____
                                         Diane L. Webb
10                                       Attorney for Defendant
                                         THE PRUDENTIAL INSURANCE
11                                       COMPANY OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
  BOCKIUS LLP
ATTORNEYS AT LAW
 SAN FRANCISCO

- 13 -

1-SF/7697027.1

CASE NO. C-08-02288 SI
DEFENDANT PRUDENTIAL'S ANSWER
TO PLAINTIFF'S CLAIM FOR DAMAGES)