Robert J. McKennon (123176), rmckennon@bargerwolen.com
Jenny H. Wang (191643), jwang@bargerwolen.com
BARGER & WOLEN LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, California 92612
Telephone: (949) 757-2800 / Fax: (949) 752-6313

Attorneys for Defendant
The Prudential Insurance Company of America

Frank N. Darras (128904), fdarras@sbdelaw.com
SHERNOFF BIDART DARRAS ECHEVERRIA, LLP
3257 East Guasti Road, Suite 300
Ontario, California 91761
Telephone: (909) 390-3770 / Fax: (909) 974-2121

Attorneys for Plaintiff
Gloria J. Saunders

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA J. SAUNDERS, | CASE NO.: C-08-02285 SI |
| Plaintiff, | **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT** |
| vs. | |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA, a New Jersey Corporation, and, DOES 1 through 10, inclusive, | DATE: August 22, 2008<br>TIME: 2:00 p.m.<br>CTRM.: 10 |
| Defendants. | Complaint Filed: March 17, 2008 |

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

## 1.    JURISDICTION AND SERVICE

The Court has jurisdiction over this matter under 28 U.S.C. Section 1332 because it is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Venue is appropriate under 28 U.S.C. Section 1391(a)(2) in that this is the judicial district in which a substantial part of the events giving rise to Plaintiff Gloria J. Saunders' ("Plaintiff") claims occurred. There are no issues regarding personal jurisdiction or venue. No parties remain to be served.

## 2.    FACTS

Plaintiff was a participant of a group long term disability insurance policy (the "policy") issued by Prudential to her former employer, St. Joseph Health System. In November 2006, Plaintiff submitted a claim to Prudential for benefits under the policy, claiming disability as of August 1, 2006 from her occupation as a radiation therapist due to low back pain. Prudential investigated the claim, and paid Plaintiff benefits for two months following the 90-day elimination period to December 6, 2006. However, Prudential denied the claim effective December 7, 2006 based upon its determination that Plaintiff did not meet the policy's definition of "disability." Plaintiff alleges that by doing so, Prudential unreasonably breached the policy because she was and continues to be disabled. Prudential denies the allegations and contends that its decision to deny benefits was correct and that it was made in good faith.

The principal factual issues in dispute are as follows:

(1)    Is Plaintiff "disabled" within the meaning of the policy and applicable law?

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

1     C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

(2) Was Prudential's decision to deny Plaintiff's claim reasonable?

(3) Is Prudential's conduct toward Plaintiff of the type to justify an award of punitive damages?

## 3. LEGAL ISSUES

The disputed points of law are as follows:

(1) Whether Prudential breached the policy by denying Plaintiff's claim.

(2) Whether Prudential breached the implied covenant of good faith and fair dealing by unreasonably denying Plaintiff's claim. Prudential contends that even if its claim decision was in error (which it vigorously disputes), there is a genuine issue of coverage to render its decision reasonable as a matter of law. *See Chateau Chamberay Homeowners Ass'n v. Associated Int'l Ins. Co.,* 90 Cal. App. 4th 335, 347 (2001) ("It is now settled law in California that an insurer denying or delaying the payment of policy benefits due to the existence of a genuine dispute with its insured as to the existence of coverage liability or the amount of the insured's coverage claim is not liable in bad faith even though it might be liable for breach of contract."); *Guebara v. Allstate Ins. Co.*, 237 F.3d 987, 993-994 (9th Cir. 2001) (the existence of a genuine issue of coverage under a policy of insurance eliminates the issue of bad faith from the case as a matter of law); *Phelps v. Provident Life and Accident Ins. Co.*, 60 F. Supp. 2d 1014 (C.D. Cal. 1999) (holding that where as genuine factual issue existed as to whether claimant was totally disabled, there could be no bad faith as a matter of law).

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

2   C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

Plaintiff contends that due to muscle spasms and debilitating back pain that had been developing throughout 2006, she was no longer able to perform the substantial and material duties of her occupation, including lifting, and submitted a claim to Defendant for long term disability benefits. However, instead of paying Plaintiff the full amount of benefits due her under the terms of the Policy, Defendant unreasonably relied upon an outdated "estimated" return to work date to originally deny Plaintiff's claim; and then, upon appeal, unreasonably relied upon selective information and facts from surveillance and a medical record review which actually substantiated her disability, to continue to unreasonably refuse to pay her disability benefits.

(3)    Prudential contends that there no evidence, let alone the requisite clear and convincing evidence, of despicable conduct on the part of Prudential to justify an award of punitive damages. *See Tomaselli v. Transamerica Ins. Co.*, 25 Cal. App. 4th 1269, 1287 (1994) (Despicable conduct is "conduct which is so vile, base, contemptible, miserable, wretched or loathsome that it would be looked down upon and despised by ordinary decent people. Such conduct has been described as having the character of outrage frequently associated with crime."); *Basich v. Allstate Ins. Co.*, 87 Cal. App. 4th 1112, 1118-1119 (2001) (affirming the trial court's grant of the insurer's motion for summary adjudication on the issue of punitive damages and holding that any evidence submitted in response to a motion for summary adjudication must necessarily meet the clear and convincing evidentiary standard); *Stewart v. Truck Ins. Exch.*, 17 Cal. App. 4th 468, 471 (1993) (upholding trial judge's nonsuit of the plaintiff on the issue of punitive damages: "[T]he trial court properly viewed [the insured's] evidence through the prism of the substantive burden of 'clear and convincing' evidence. When the evidence of [the insurer's] alleged [conduct] is so examined it is obvious that there is no issue to be submitted to a jury.").

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

3                                                          C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

Plaintiff contends that Defendant has refused to provide disability benefits despite significant medical evidence which clearly supported an approval of the claim. Plaintiff also contends that Defendant's claims practices will be shown to have violated the duty of good faith and fair dealing as Defendant improperly sought out and relied upon any evidence which would justify the denial of the claim instead of acting as Plaintiff's fiduciary and investigating with an eye towards payment.

### 4. MOTIONS

Prudential anticipates filing a motion for partial summary judgment to eliminate Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and her prayer for punitive damages on the grounds that Prudential's decision to deny Plaintiff's claim was reasonable as a matter of law, or at a minimum there was a genuine issue of coverage that precludes a finding of bad faith, and that Plaintiff cannot, as a matter of law, demonstrate by clear and convincing evidence despicable conduct on the part of Prudential to justify an award of punitive damages.

### 5. AMENDMENT OF PLEADINGS

The parties do not anticipate amending the pleadings.

### 6. EVIDENCE PRESERVATION

The parties will preserve evidence relevant to the issues reasonably evident in this action.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

4    C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

## 7. DISCLOSURES

The parties will make their initial disclosures pursuant to Rule 26(a) on or before August 20, 2008. Prudential's initial disclosures consist of the claim file pertaining to Plaintiff's claim for benefits under the subject insurance policy. Plaintiff's initial disclosures will include information pertaining to receipt of other income that may constitute offsets to any benefits that may be payable under the policy and updated medical records.

## 8. DISCOVERY

Other than making their initial disclosures as stated above, the parties have not yet conducted any discovery.

Prudential currently anticipates conducting the following discovery: written discovery to Plaintiff in the form of interrogatories, document requests and request for admissions; depositions of Plaintiff, her treating physicians and other health care providers, person(s) with knowledge of her pre-disability occupational activities, person(s) with knowledge of her post-disability activities, person(s) with knowledge of Plaintiff's financial condition, Plaintiff's retained experts; issuance of records subpoenas to the foregoing third-party witnesses.

Plaintiff currently anticipates conducting the following discovery: interrogatories to identify the Persons Most Knowledgeable in the investigation, medical review and denial of Plaintiff's claim; depositions of the claims personnel and medical reviewers utilized by Defendant in investigating and denying Plaintiff's claim; requests for production of documents to obtain claim file documents, claims manuals in effect at the time of the claim; third party subpoenas to any vendors

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

5    C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

utilized by Defendant during its' claims investigation; discovery with regards to any experts retained by Defendant.

Discovery need not be conducted in phases. The parties do not propose any limitations or modifications of the discovery rules. The parties anticipate that discovery will be completed by March 2009.

## 9. RELATED CASES

There are no related cases.

## 10. RELIEF

Plaintiff seeks the following damages: Contractual benefits in an amount equal to 60% of her pre-disability earnings ($3882) less any monies received by Other Income sources. Plaintiff received $840 per week from State Disability from July of 2006 through July of 2007. Plaintiff has not yet been approved for Social Security disability benefits. Plaintiff is also seeking an award of extra-contractual damages as Defendant's failure to timely approve and pay benefits has caused financial difficulties; an award of punitive damages; damages for emotional distress incurred as a result of the denial of benefits, as well as her attorney fees and costs.

If it is determined that Prudential breached the subject insurance policy and that Plaintiff is entitled to disability benefits, then damages should be calculated as follows. The policy provides for monthly benefits in the amount of 50% of pre-disability earnings not to exceed $6,000. Prudential contends that based on Plaintiff's pre-litigation submissions to it, Plaintiff qualifies for at most $3,234.69 in monthly disability benefits in the event of "disability" as defined in the policy following a 90-

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

6                                                          C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

day elimination period to her normal retirement age as defined by the Social Security Act, in Plaintiff's case to December 29, 2012. The $3,234.69 figure is a gross figure that does not take into account offsets for other income as set forth in the policy. Based upon information presently known, Prudential is informed and believes that the $3,234.69 figure should be reduced to at least $1,545.69 to account for offset of benefits due to Plaintiff's receipt of California state disability benefits and estimated primary Social Security Disability benefits. Plaintiff is claiming total disability since August 1, 2006. She was paid by Prudential to December 6, 2006. Therefore, benefits in the amount of $1,545.69 (which is an estimated figure at this point) per month should be calculated beginning December 7, 2006 through the date of trial, plus applicable interest.

## 11.  SETTLEMENT AND ADR

The parties have not yet discussed settlement at this early stage, but they have met and conferred regarding the ADR process as required by ADR Local Rule 3-5 and agree to participate in non-binding mediation. The parties would like to conduct appropriate discovery and engage in appropriate motion practice before participating in mediation.

## 12.  CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties respectfully decline to have a magistrate judge conduct all further proceedings in this case.

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

7                                                                C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

### 13. OTHER REFERENCES

The parties do not believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### 14. NARROWING OF ISSUES

As stated above, Prudential intends to move for partial summary judgment to eliminate Plaintiff's claim for breach of the implied covenant of good faith and fair dealing and her prayer for punitive damages.

### 15. EXPEDITED SCHEDULE

The parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures.

### 16. SCHEDULING

The parties propose the following dates:

| | |
|---|---|
| Discovery cut-off: | March 31, 2009 |
| Deadline to designate experts: | April 16, 2009 |
| Last day to hear dispositive motions: | May 28, 2009 |
| Pretrial conference: | June 15, 2009 |
| Trial: | July 13, 2009 |

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

8                                                                 C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

## 17. TRIAL

Plaintiff has demanded a jury trial. The parties estimate that trial will take five to seven court days.

## 18. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

Prudential has filed a Certificate of Interested Parties as required by Civil Local Rule 3-16 and a Corporate Disclosure Statement as required by Federal Rule of Civil Procedure 7.1. As stated therein, Prudential certifies that other than the named parties, it is unaware of any other parties that might have a direct, pecuniary interest in the outcome of this case. The Prudential Insurance Company of America, a New Jersey corporation, is a subsidiary of Prudential Holdings, LLC, a New Jersey Limited Liability Company, which owns 100 percent of the stock of the Prudential Insurance Company of America. Prudential Holdings, LLC is a subsidiary of Prudential Financial, Inc., which owns 100 percent of Prudential Holdings, LLC. Prudential Financial, Inc. is a publicly-held New Jersey corporation traded on the New York Stock Exchange under the symbol "PRU" and no parent corporation or any publicly-held corporation owns ten percent or more of its stock.

DATED: August 13, 2008         BARGER & WOLEN LLP

By: */s/ Jenny H. Wang*
       ROBERT J. MCKENNON
       JENNY H. WANG
       Attorneys for Defendant
       The Prudential Insurance Company
       of America

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

9                                          C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

DATED: August 13, 2008                SHERNOFF BIDART DARRAS ECHEVERRIA, LLP


                                      By: */s/ Frank N. Darras*
                                          FRANK N. DARRAS
                                          Attorneys for Plaintiff
                                          Gloria J. Saunders

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

10                                                              C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT

# CERTIFICATE OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE**

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 19800 MacArthur Blvd., Suite 800, Irvine, CA 92612. Email address: grubio@bargerwolen.com.

I hereby certify that on **August 13, 2008**, I served the foregoing documents described as: **JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT** on the interested parties in this action as follows:

☒ **ELECTRONICALLY:** I caused it to be electronically filed using the Court's Electronic Court Filing ("ECF") System and service was completed by electronic means by transmittal of a Notice of Electronic Filing on the registered participants of the ECF System. I served those parties who are not registered participants of the ECF System as indicated below.

Frank N. Darras, Esq.                     Counsel for Plaintiff
Shernoff Bidart Darras & Echeverria, LLP  Gloria J. Saunders
3257 East Guasti Road, Suite 300
Ontario, California 91761
Telephone: (909) 390-3770
Facsimile: (909) 974-2121
Email: fdarras@sbdelaw.com

☐ I placed the ☐ original ☐ a true copy thereof enclosed in sealed envelope(s) to the parties listed above and caused such envelope(s) to be delivered by ☐ **U.S POSTAL SERVICE** ☐ **OVERNIGHT DELIVERY**.

I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed at Irvine, California on **August 13, 2008.**

NAME: Gabriela Rubio           */s/ Gabriela Rubio*
                                (Signature)

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

11                              C-08-02285 SI
JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) JOINT REPORT